WESSEL, DUVAL & CO., Inc.,

v.

The UNITED STATES.

No. 11–54.

United States Court of Claims.
Oct. 5, 1954.

---

Stanley W. Schaefer, New York City, for plaintiff.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Hubert H. Margolies, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This cases comes before the court on defendant's motion to dismiss plaintiff's amended petition. Defendant requests dismissal on two grounds: (1) That plaintiff is barred from proceeding in this court under 28 U.S.C. § 1500 in view of the fact that it now has pending in a district court a suit against the United States on the identical claims presented here and (2) that suits for general aver-age contribution by Government cargo as well as other claims against the Government under a time charter are maintainable under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., which vests exclusive jurisdiction in the federal district courts.

The vessel involved, S. S. Edward Rutledge, was owned by the Government, bareboat chartered to plaintiff then time chartered by plaintiff to the Government and carried Government cargo. The ship became stranded with the expense for resuce of cargo and vessel being borne by plaintiff. Plaintiff by its suit here seeks to recover from defendant as owner of the cargo its general average contribution toward the rescue expenditures in addition to other claims under the time charter.

In answer to the first ground, plaintiff does allege that it has pending in the District Court for the Southern District of New York a suit against the United States on the identical claims presented here but contends that since most of these claims arose before the date of the enactment of 28 U.S.C. § 1500 in its present form on June 25, 1948, its provisions do not apply.

Plaintiff, insofar as the second ground is concerned, points out its uncertainty as to whether this court under the Tucker Act, 28 U.S.C. § 1491, or the district court under the Suits in Admiralty Act, supra, or Public Vessels Act, 46 U.S.C.A. § 781 et seq., has jurisdiction over the claims presented and requests that further action be deferred pending the outcome of the suit in the district court. Plaintiff states that its purpose in filing in this court was to protect itself against the running of the statute of limitation should the district court deny jurisdiction.

Although plaintiff's desired result is an appealing one, we believe the language of 28 U.S.C. § 1500 is quite explicit and to defer action in this court would foster just the type of occurrence which section 1500 was enacted to prevent, i. e., the maintaining of two suits against the United States on the same claims and at

the same time in two different courts. The section reads as follows:

"The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

Plaintiff has no vested right to proceed in two courts. The Supreme Court in De La Rama S. S. Co. v. United States, 344 U.S. 386, 390, 73 S.Ct. 381, 383, 97 L. Ed. 422 relied on by plaintiff, clearly stated the difference which exists between a statute which is both substantive and procedural (as was the statute in question in that case) and one (like section 1500) which is solely jurisdictional. The Court stated:

"The Government rightly points to the difference between the repeal of statutes solely jurisdictional in their scope and the repeal of statutes which create rights and also prescribe how the rights are to be vindicated. In the latter statutes, 'substantive' and 'procedural' are not disparate categories; they are fused components of the expression of a policy. When the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved. * * * If the aim is to destroy a tribunal or to take away cases from it, there is no basis for finding saving exceptions unless they are made explicit."

 Defendant's motion must be sustained on the second grounds as well in conformity with our decisions of this date in Waterman Steamship Corporation v. United States, Ct.Cl., 124 F.Supp. 634; Lykes Bros. Steamship Co., Inc., v. United States (Waterman Steamship Corporation v. United States), Ct.Cl., 124

F.Supp. 622; and Sinclair Refining Co. v. United States, Ct.Cl., 124 F.Supp. 628.

Defendant's motion to dismiss is granted and plaintiff's amended petition is dismissed. It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.