**WATERMAN STEAMSHIP CORPORATION**

v.

**The UNITED STATES.**

No. 89–54.

United States Court of Claims.

Oct. 5, 1954.

Walter P. Hickey, New York City, for plaintiff. Francis H. Inge, Mobile, Ala., was on the brief.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Hubert H. Margolies, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This case comes before the court on defendant's motion to dismiss plaintiff's petition. The question presented is whether a suit for general average contribution is maintainable under the

Tucker Act, 28 U.S.C. § 1491, as alleged by plaintiff, or whether its alleged cause of action is cognizable under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. which vests exclusive jurisdiction in the federal district courts.

The vessel involved, S.S. A. P. Hill, was owned by the United States, bareboat chartered to plaintiff and then time chartered by plaintiff to the Government. While carrying Government cargo under this time charter, the ship became stranded with the expenses of rescue for both vessel and cargo being borne by plaintiff. Plaintiff now sues to recover from defendant its general average contribution toward the rescue expenditures.

Defendant has moved to dismiss contending plaintiff's remedy, if any, lies in the district court under the Suits in Admiralty Act.

Plaintiff asserts that the Suits in Admiralty Act is inapplicable stating: (1) That the cause of action does not arise out of the ownership or operation of a vessel by or for the United States, (2) that the "ownership" required contemplates more than technical legal title held by the Government and that if such ownership is significant, then the vessel was not a merchant vessel and (3) that where the cause of action relates to cargo, as general average contribution does, it must arise out of the ownership or operation of a vessel by or for the Government.

We hold that plaintiff's remedy, if any, lies in the district court under the Suits in Admiralty Act on the basis of our decision in Lykes Bros. Steamship Co., Inc., v. United States (Waterman Steamship Corp. v. United States), Ct.Cl., 124 F.Supp. 622,[1] and for the additional reasons hereinafter stated. Therefore, defendant's motion to dismiss must be granted.

Here the vessel and cargo were Government owned and any claim against the United States relative to the vessel or the cargo comes within the express language of the Act. Section 741 states that "No vessel owned by the United States * * *, and no cargo owned or possessed by the United States * * * shall * * * be subject to arrest or seizure". Section 742 provides for a libel in personam in the district court "provided that such vessel is employed as a merchant vessel". Since there is nothing present in the Act to indicate otherwise, we interpret the term "owned" to mean just that. The S.S. A. P. Hill was operated by plaintiff as a merchant vessel engaged in transporting goods for hire and the fact that Government cargo was carried does not negate her employment as a merchant vessel within the meaning of the Suits in Admiralty Act. Calmar S.S. Corp. v. United States, 345 U.S. 446, 73 S.Ct. 733, 97 L.Ed. 1140.[2]

Plaintiff contends that if any significance is given to the fact that legal title vests in the Government it must then be held that the ship was not a merchant vessel but a public vessel. Even if this were so (and we believe it is not) then plaintiff's remedy would still remain in the district court under the Public Vessels Act, 46 U.S.C.A. § 781 et seq. See Sinclair Refining Co. v. United States, Ct.Cl., 124 F.Supp. 628.

1. These cases like the present one involve claims for general average contribution by Government cargo, but the vessels involved were privately owned and the Government cargoes were carried under bills of lading or space charters as contrasted with our situation here where a Government-owned vessel, bareboat chartered to plaintiff, operated by plaintiff under a time charter to the Government and carrying Government cargo, is involved.

2. Plaintiff argues that the vessel was not operated for the United States. Although we believe that the vessel was so operated under the time charter, we find such requirement immaterial under the Act in view of the fact that the vessel was owned by the Government.

Nor are the decisions of the district court in the second circuit [3] relied on by plaintiff in point here. Those cases involving Government cargo on privately owned and operated vessels not time chartered to the Government rest their decisions, ruling that suits with respect to Government cargo are maintainable under the Tucker Act, on the premise that such suits lie under the Suits in Admiralty Act only if a vessel owned or operated by or for the United States is involved. Here the Government cargo was carried on a vessel *owned* by the United States.

Even if we disregard the fact that legal title vests with the Government, as plaintiff indicated we should do, and consider the plaintiff as the owner under the bareboat charter, i. e., owner *pro hac vice*, our result would remain the same. For if such is the case, then we find no material distinction between the situation in the Calmar case, supra, wherein a privately owned vessel, voyage chartered to the Government and carrying Government cargo, was held to come within the purview of the Suits in Admiralty Act and the situation in this case wherein plaintiff, as owner *pro hac vice*, operated the vessel under a time charter to the Government and carried Government cargo. See also Field v. United States, 113 F.Supp. 190, 125 Ct. Cl. 559, certiorari denied 346 U.S. 922, 74 S.Ct. 308, where the situation in respect to the vessels involved was identical with the situation here in so far as the vessel is concerned and the Suits in Admiralty Act was held to be applicable.

Defendant's motion to dismiss is granted and plaintiff's petition is dismissed. It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

---

3. American President Lines, Ltd. v. United States, D.C., 75 F.Supp. 110; States Marine Corp. of Delaware v. United States, D.C., 120 F.Supp. 585; Prudential Steamship Corp. v. United States, D.C., 122 F. Supp. 164.