A.C. SEEMAN, INC.

v.

The UNITED STATES.

No. 309–84C.

United States Claims Court.

June 27, 1984.

Herman M. Braude, Washington, D.C., for plaintiff. Gerson B. Kramer, Washington, D.C., and Nancy E. Paige, Baltimore, Md., of counsel.

Lynn J. Bush, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. George J. Affe, Dept. of the Navy, and Pamela G. Steele, Small Business Admin., Washington, D.C., of counsel.

## MEMORANDUM OF DECISION

HARKINS, Judge.

Plaintiff's claim, filed June 15, 1984, sought injunctive and declaratory relief under 28 U.S.C. § 1491(a)(3) (1982) with respect to a solicitation from the Department of the Navy, Navy Facilities Engineering Command, Chesapeake Division, for a contract for alterations and improvements to the boat basin at the U.S. Naval Station, Annapolis, Maryland. (Solicitation No. N62477–81–B–0489). The procurement was a "set aside" for small business, with a designated size standard of $12 million average annual receipts for the preceding three fiscal years (aar). Plaintiff was the lowest bidder; the second lowest bid was submitted by Interstate-Feezer, a joint venture (I–F). After I–F challenged plaintiff's small business status, the SBA regional office determined plaintiff was a small business concern for procurements having a size standard of $12 million. I–F appealed, and the SBA Office of Hearings and Appeals reversed, on findings that the appeal was timely filed and that plaintiff's affiliation with William F. Wilke, Inc. resulted in an identity of interests and a size in excess of the $12 million standard. (SBA No. SIZ–84–04–30–081).

On June 14, 1984, plaintiff filed an action in the United States District Court for the District of Maryland that challenged the SBA determination and sought injunctive and declaratory relief. During a conference with respect to plaintiff's motion in that court for a temporary restraining order, it was determined that the Navy would not award a contract on the solicitation prior to June 26, 1984.

In this court, with its complaint, plaintiff on June 15, 1984, filed a motion for a preliminary injunction. In conferences on June 18 and 19, 1984, counsel agreed to a briefing schedule and a hearing at 2 p.m., June 22, 1984. On June 21, 1984, defendant filed a motion to dismiss, or in the alternative, for summary judgment, and an opposition to plaintiff's motion for injunctive relief. On June 22, 1984, after argument on the motions, defendant's motion to dismiss was allowed, and by separate order the complaint was dismissed for lack of jurisdiction under 28 U.S.C. § 1500 (1982). The grounds for the ruling were given at the hearing, and counsel were advised that, in further explanation, a memorandum of decision subsequently would be filed.

-----

Plaintiff's motion for a preliminary injunction asserts that the regulations of both the Navy and SBA applicable to disposition of size protests have been violated, DAR § 1–703(b)(4) and 13 C.F.R. § 121.-11(e)(2), § 121.11(f) and that the SBA determination that I–F's protest was timely is arbitrary, capricious and without rational basis. Plaintiff challenges the SBA determination that it was affiliated with William F. Wilke, Inc. as being contrary to fact and the product of erroneous application of

SBA procedural regulations. 13 C.F.R. § 121.11(h).

Defendant's motion to dismiss asserts (1) that the Claims Court equitable jurisdiction under 28 U.S.C. § 1491(a)(3) applies only to contracting officers, or officials of the contracting agency; (2) that the relief sought by plaintiff amounts to an injunction directed at the SBA determination, and that this court lacks equitable jurisdiction to enjoin SBA; and (3) that 28 U.S.C. § 1500 precludes jurisdiction in this court.

At the June 22, 1984, hearing, it became clear that plaintiff's claim had been filed in the district court before it was filed in the Claims Court, and that the district court case was pending, both when the Claims Court complaint was filed and at the time of the hearing.

■ Defendant's assertions (1) that plaintiff's claim was beyond the scope of the implied-in-fact contract that is the basis of this court's pre-award contract jurisdiction, and (2) that this court has no jurisdiction to review SBA size determinations by virtue of the provisions of the Small Business Act (15 U.S.C. § 634(b)(1) (1982)) were found to lack merit. This court has jurisdiction to grant equitable relief under 28 U.S.C. § 1491(a)(3) on a "contract claim" brought "before the contract is awarded." Plaintiff's complaint was filed before contract award, and this requirement is satisfied by the facts in this case. *United States v. Grimberg Co.*, 702 F.2d 1362 (Fed.Cir.1983); *CACI, Inc. v. United States*, 719 F.2d 1567, 1572–73 (Fed.Cir. 1983).

A "contract claim" arises from the implied-in-fact contract that exists by virtue of the bid solicitation process which guarantees that responsive bids will be fully and fairly considered. The implied-in-fact contract that arises out of the bid solicitation process, and the guarantee to the bidder, includes the requirement that there be compliance with the procurement regulations applicable to the particular solicitation involved and recognition of applicable statutory criteria. The nature and content of the obligations inherent in the bid protest implied contract have been illuminated by the Federal Circuit. *Electro-Methods, Inc. v. United States*, 728 F.2d 1471, 1475 (Fed. Cir.1984); *ATL, Inc. v. United States*, 736 F.2d 677 at 681–82 (Fed.Cir.1984) (ATL I).

Defendant would exclude, as beyond this court's jurisdiction, compliance with statutory and regulatory criteria that govern SBA size determinations in a procurement designated as a small business set aside. These regulations directly impact on the procurement, and inherently are parts of the procurement. An essential element of every compensable contract claim is a requirement that the contract accord with applicable law. The purpose of the Navy and SBA regulations relative to size determinations for small business set asides is to provide a vehicle for this type of procurement. Their provisions have the force and effect of law and are implied terms in the implied contract to consider plaintiff's bid fairly. *Christian & Assoc. v. United States*, 312 F.2d 418, 160 Ct.Cl. 1 (1963). This court's jurisdiction under 28 U.S.C. § 1491(a)(3) would include, in an appropriate case, the power to enjoin a contract if the basis for such award is the product of substantial violations of the applicable Navy or SBA regulations that directly impact the procurement.

The scope of this court's jurisdiction relative to procurements that involve SBA participation has been determined in *Related Industries, Inc. v. United States*, 2 Cl.Ct. 517, 519–23 (1983). The analysis there presented is adopted.

Plaintiff's complaint was dismissed by virtue of the jurisdictional restriction in 28 U.S.C. § 1500. The statute provides:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, di-

rectly or indirectly under the authority of the United States.

It is clear that the same claim was pending in the district court when plaintiff's complaint was filed on June 15, 1984. Except for the jurisdictional assertions and the prayers for relief, the respective complaints track each other verbatim. The same injunctive and declaratory relief is sought in each case.

Section 1500 is an anachronism. It was first enacted in 1868, and over the years has been encrusted with numerous shadings and tortured constructions. It is part of the Code, however, and its restrictions on jurisdiction cannot be ignored. The provision was continued in the Federal Courts Improvement Act of 1982, amended to apply to the Claims Court. Its repeal has been urged because it has outlived its original purpose, its applicability to district courts is not understood, and may result in wasteful litigation. Schwartz, *Section 1500 of the Judicial Code and Duplicate Suits Against the Government and its Agents,* 55 Geo.L.J. 573 (1967).

Section 1500 has been the source of numerous decisions in the Court of Claims. These decisions are binding precedent in this court. General Order No. 1, October 7, 1982, 1 Cl.Ct. XXI. Jurisdiction under Section 1500 over plaintiff's claims is controlled by the Court of Claims rulings in *Tecon Engineers, Inc. v. United States,* 343 F.2d 943, 170 Ct.Cl. 389 (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); *Brown v. United States,* 358 F.2d 1002, 175 Ct.Cl. 343 (1966).

In *Tecon,* dismissal under Section 1500 was not required when the claim had been filed first in the Court of Claims on May 21, 1963, and, after discovery had been taken and the case set for trial, the same claim was filed in district court on January 26, 1965. The court reviewed the legislative history of Section 1500 and its subsequent development, and dismissed the claim with prejudice under the rules for failure to prosecute. Section 1500 did not apply and the court was not ousted of jurisdiction by plaintiff's subsequent filing

in district court after jurisdiction had attached.

Consistent with previous decisions, the court ruled that, where the claims in the two cases are identical, the limitation on jurisdiction by Section 1500 applies when a plaintiff elects to pursue a claim in another court prior to filing in the Court of Claims. The court stated:

> On the contrary, we conclude that the only reasonable interpretation of the statute is that it serves to deprive this court of jurisdiction of any claim for or in respect to which plaintiff has pending in any other court any suit against the United States, *only* when the suit shall have been commenced in the other court *before* the claim was filed in this court. [Emphasis in the original.]

343 F.2d at 949.

In *Brown,* the Court of Claims on October 1, 1965, dismissed under Section 1500 a claim filed on April 30, 1965, because it then was pending in district court on a complaint filed April 29, 1965. On December 9, 1965, the district court case was dismissed for lack of jurisdiction. After time for appeal of the district court ruling had expired, on an application for rehearing, the Court of Claims vacated the prior dismissal, and stated:

> Once the claim has been rejected by the other court for lack of jurisdiction, there is no basis in the policy or wording of the statute for dismissal of the claim pending here. The plaintiffs could undoubtedly file a new petition, without any bar through Section 1500; it does not seem fair or make sense to insist that that must be done—with the limitations difficulties it may well entail. *Tecon Engineers, Inc. supra,* teaches that the section should be given a reasonable and just construction, not a doctrinaire or purely technical one. In that light, plaintiffs should now be able to proceed in this court.

358 F.2d at 1005.

Significant Court of Claims cases that embellish the rule of priority delineated in *Tecon* include:

*New Jersey Worsted Mills v. United States,* 9 F.Supp. 605, 80 Ct.Cl. 640 (1935) (case pending in district court at time petition was filed in Court of Claims);

*Frantz Equip. Co. v. United States,* 98 F.Supp. 579, 120 Ct.Cl. 312 (1951) (plaintiff's counterclaim on Mar. 8, 1946, in a district court case brought by the United States precluded a Court of Claims case filed Sept. 11, 1950, on the same claim. Applicability of § 1500 not conditioned upon whether the district court had jurisdiction over plaintiff's claim);

*Wessel, Duval & Co. v. United States,* 124 F.Supp. 636, 129 Ct.Cl. 464 (1954) (identical claims filed in the district court and Court of Claims because of uncertainty as to Tucker Act or Admiralty Act jurisdiction. Argument that the Court of Claims case was filed to protect against the running of the statute of limitations was rejected and the court refused to suspend pending completion of the district court action, noting that "Plaintiff has no vested right to proceed in two courts." 124 F.Supp. 636, 129 Ct.Cl. at 466);

*National Cored Forgings Co. v. United States,* 132 F.Supp. 454, 132 Ct.Cl. 11 (1955) (petition in the Court of Claims and complaint in the district court naming RFC filed on the same day on same claims, with stipulation in district court to stay of proceedings until final action taken by the Court of Claims. Court of Claims dismissed under § 1500 stating: "The obvious and declared purpose of this provision was to require an election between a suit in the Court of Claims against the United States and one brought in another court against an agent of the United States." 132 F.Supp. 454, 132 Ct.Cl. at 17–18);

*Casman v. United States,* 135 Ct.Cl. 647 (1956) (dismissal denied when Court of Claims case was for back pay and the claim in the district court sought restoration to former position because there was no election between the two courts and the relief sought was entirely different);

*Universal Fiberglass Corp. v. United States,* 537 F.2d 393, 210 Ct.Cl. 206 (1976) (defendant permitted to pursue as a counterclaim in the Court of Claims, a claim then pending in the district court under the False Claims Act . on the ground that § 1500 applies to "any claim which the *plaintiff* has pending in another court." 537 F.2d at 399).

Section 1500 has been interpreted in the Claims Court.

*Armstrong v. United States,* 4 Cl.Ct. 269 (1984) (in a pay case filed in district court on Mar. 26, 1982, and in the Claims Court on Aug. 31, 1983, Claims Court retained jurisdiction over claim for back pay; dismissed a claim for reinstatement, and suspended proceedings pending final judgment in district court);

*Arizona Helicopters, Inc. v. United States,* 4 Cl.Ct. 662 (1984) (claim filed in the district court on Feb. 1, 1980, under Tort Claims Act and in the Claims Court on May 23, 1983, under 15 U.S.C. § 2210 (1982). The claims in both cases were the same and both cases sought monetary damages. Claims Court suspended action pending disposition of the district court case).

In *Arizona Helicopters,* a distinction was drawn between claims arising under 28 U.S.C. § 1491 and the procedures established in 15 U.S.C. § 2210, and recognition was given to the purpose of 28 U.S.C. § 1500 to have litigation prosecuted in only one court. Wholly apart from the jurisdictional prohibition, a stay of proceedings for the equitable remedies provided by 28 U.S.C. § 1491(a)(3) pending disposition of the same claim in district court would be futile.

In the context of the Claims Court's jurisdiction to grant equitable relief on a pre-award contract claim, 28 U.S.C. § 1500 requires plaintiff to elect between (1) a claim for breach of the implied contract under the Tucker Act as amended by Section 1491(a)(3), or (2) a challenge to the procurement action under the Administrative Procedure Act in the district court. The Federal Circuit has noted claimants have alternative courses available. *ATL, Inc. v. United States,* 735 F.2d 1343 at 1344 (Fed.Cir.1984) (ATL II). When the

district court case is filed prior to, and is pending when the Claims Court case is filed, when the claims and relief sought are the same, the Claims Court has no jurisdiction to proceed. 28 U.S.C. § 1500.

Defendant's motion to dismiss is allowed.