UNR INDUSTRIES, INC., Unarco Industries, Inc. and Eagle–Picher Industries, Inc., Plaintiffs–Appellants,

v.

The UNITED STATES, Defendant–Appellee.

KEENE CORPORATION, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

Nos. 89–1638, 89–1639 and 89–1648.

United States Court of Appeals, Federal Circuit.

Nov. 29, 1990.

Joe G. Hollingsworth, Spriggs & Hollingsworth, Washington, D.C., argued for plaintiffs-appellants in nos. 89–1638, –1639. With him on the brief was William J. Spriggs, Washington, D.C. Also on the brief were Paul G. Gaston and Catherine R. Baumer, Washington, D.C., Paul C. Warnke, Clifford & Warnke, Washington, D.C., was on the brief for plaintiff-appellant in no. 89–1648. With him on the brief were Harold D. Murray, Jr. and Philip H. Hecht, Washington, D.C. Also on the brief were John E. Kidd, Anderson Kill Olick & Oshinsky, P.C., New York City, and Lauren B. Homer, Anderson Kill Olick & Oshinsky, P.C., Washington, D.C.

David S. Fishback, Senior Trial Counsel, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., J. Patrick Glynn, Director, Harold J. Engel, Deputy Director and Douglas C. Page, Trial Atty., Washington, D.C. Also Robert M. Loeb and Barbara C. Biddle, Dept. of Justice, Washington, D.C., were on the Petition for Rehearing and Suggestion for Rehearing In Banc.

Before RICH, MAYER and PLAGER, Circuit Judges.

## ON PETITION FOR REHEARING

### ORDER

PLAGER, Circuit Judge.

On August 30, 1990, the Government filed a combined Petition for Rehearing and Suggestion for Rehearing In Banc in *UNR Indus., Inc. v. United States*, 911 F.2d 654 (Fed.Cir.1990).[1]

---

**1.** A timely filed Government motion for an extension of time in which to file a petition was

In its petition, the Government noted, and we have confirmed, that Eagle–Picher (E–P), the appellant in appeal No. 89–1639, had a petition for writ of certiorari pending before the Supreme Court on June 1, 1989, the date the Claims Court judge ruled on the Government's motion to dismiss under 28 U.S.C. § 1500 (1988). This fact was not disputed by E–P in its response to the Government's petition.

Section 1500 states:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has *pending* in any other court any *suit or process* against the United States ... [emphasis added].

There can be no doubt that a petition for writ of certiorari is a "suit or process" within the meaning of § 1500. Therefore, because E–P had a suit or process in the form of a petition for writ of certiorari pending before the Supreme Court at the time the Claims Court entertained and acted on the Government's § 1500 motion, § 1500 bars Claims Court jurisdiction as to E–P.

Therefore, our judgment in *UNR Indus., Inc. v. United States*, 911 F.2d 654 (Fed. Cir.1990) is modified by this order only to the extent that the order of the Claims Court dismissing the suit by E–P in appeal No. 89–1639 for lack of jurisdiction is affirmed. The petition for rehearing is denied with respect to appeal Nos. 89–1638 and 89–1648. Judge Mayer concurs in the affirmance of the dismissal of E–P's appeal.

granted.