UNR INDUSTRIES, INC., Unarco Industries, Inc. and Eagle–Picher Industries, Inc., Plaintiffs–Appellants,

v.

The UNITED STATES, Defendant–Appellee.

KEENE CORPORATION, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

Nos. 89–1638, 89–1639 and 89–1648.

United States Court of Appeals, Federal Circuit.

Dec. 18, 1990.

**ORDER**

v.

The UNITED STATES, Defendant–Appellee.

KEENE CORPORATION, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

Nos. 89–1638, 89–1639 and 89–1648.

United States Court of Appeals, Federal Circuit.

Jan. 24, 1991.

Joe G. Hollingsworth, Spriggs & Hollingsworth, Washington, D.C., argued, for plaintiffs-appellants in Nos. 89–1638, 89–1639. With him on the brief, was William J. Spriggs. Also on the brief, were Paul G. Gaston and Catherine R. Baumer. Paul C. Warnke, Clifford & Warnke, Washington, D.C., was on the brief, for plaintiff-appellant in No. 89–1648. With him on the brief, were Harold D. Murray, Jr. and Philip H. Hecht. Also on the brief, were John E. Kidd, Anderson Kill Olick & Oshinsky, P.C., New York City and Lauren B. Homer, Anderson Kill Olick & Oshinsky, P.C., Washington, D.C.

David S. Fishback, Sr. Trial Counsel, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With him on the brief, were Stuart M. Gerson, Asst. Atty. Gen., J. Patrick Glynn, Director, Harold J. Engel, Deputy Director and Douglas C. Page, Trial Atty. Also Robert M. Loeb and Barbara C. Biddle, Dept. of Justice, Wash-

ington, D.C., were on the Petition for Rehearing and Suggestion for Rehearing In Banc.

## ORDER

On December 18, 1990, this court issued an order accepting the suggestion of Defendant–Appellee (Government) for rehearing in banc. We vacated the panel's judgment of July 30, 1990 and withdrew the accompanying opinion. The order further stated that "[a]dditional briefing and argument are under consideration." On January 4, 1991, Plaintiffs–Appellants filed a motion requesting opportunity for additional briefing and argument. On January 7, 1991, the Government filed a response, taking no position on the question of whether the court should entertain further briefing and argument.

On January 3, 1991, GAF Corporation moved for leave to file a brief as *Amicus Curiae.* In its January 7, 1991 response, the Government indicated it had no objection to the granting of GAF's motion so long as further briefing by the actual parties to the case is allowed.

After consideration of all the facts and circumstances, it is ORDERED that:

1) Plaintiffs–Appellants' motion for further briefing and argument is granted, subject to the terms of this Order.

2) GAF Corporation's motion for leave to file a brief as *Amicus Curiae* is granted.

3) Briefing and argument shall be addressed to the following issues (and may include related and subsidiary issues):

a) Whether the term "has pending" as used in 28 U.S.C. § 1500 (1988) can be properly construed to mean pending at the time the Claims Court first entertains and acts on a Government motion to dismiss (or its equivalent), regardless of when the Claims Court suit was actually filed; or whether the term "has pending" is properly construed to mean pending at the time when the Claims Court suit was filed;

b) Whether the case of *Tecon Engineers, Inc. v. United States*, 343 F.2d 943, 170 Ct.Cl. 389 (1965), *cert. denied,*

382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966) should be overruled;

c) Whether a petition for writ of *certiorari* is a "suit or process against the United States" as that phrase is used in § 1500;

d) Whether the rule announced in *Johns–Manville Corp. v. United States*, 855 F.2d 1556 (Fed.Cir.1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989), for determining what is a claim under § 1500 should be reconsidered, and if so, what should be the proper rule.

4) Briefing shall be accomplished in accordance with the following schedule:

a) Plaintiffs–Appellants shall serve and file their initial rehearing brief within 40 days of the date of this ORDER;

b) Defendant–Appellee shall serve and file its initial rehearing brief within 30 days after service of the brief of the Plaintiffs–Appellants;

c) Plaintiffs–Appellants may serve and file a reply brief within 14 days after service of the brief of the Defendant–Appellee, but a reply brief must be filed at least 3 days before oral argument. Fed. Cir.R. 31 Practice Note shall apply.

d) GAF Corporation may serve and file a brief as *Amicus Curiae* in accordance with Fed.R.App.P. 29.