**SCOTT AVIATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 91–423C.

United States Claims Court.

July 26, 1991.

James D. Bachman, Washington, D.C., for plaintiff.

Michael S. Kane, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of jurisdiction under 28 U.S.C. § 1500. For the following reasons, the court grants defendant's motion. This is the third time the court has dealt with this case. *See Scott Aviation v. United States*, 20 Cl.Ct. 780 (1990), *vacated on reconsideration*, 21 Cl. Ct. 782 (1990). The facts are set forth at 20 Cl.Ct. 780 (1990), and will not be repeated here except as necessary.

## FACTS

The United States, acting through the Department of the Army, awarded a contract to plaintiff for the production and delivery of 115,750 M40 and M42 protective masks. The contract, as modified, was a one year contract scheduled to run from August of 1988, through July of 1989. Because plaintiff failed to meet its delivery schedule on one item of the contract, the Army, on May 5, 1989, informed plaintiff by telefax that the late item was terminated for default, effective that date. Plaintiff received the telefax on May 8, 1989. By certified letter dated May 15, 1989, the contracting officer partially terminated the contract—for the one late item—as of the date of the telefax. Plaintiff received the May 15 letter on May 19, 1989. The certified letter, unlike the telefax, contained the Federal Acquisition Regulations (FAR) language informing plaintiff of the reason for the termination for default, and plaintiff's appeal rights. The FAR requiring this language states that the period for appeal runs from the day the contractor received the letter of termination. Thereafter, plaintiff had ninety days to appeal the termination for default to the Armed Services Board of Contract Appeals (ASBCA), and one year to bring suit in this Court.

Plaintiff did not appeal the termination for default to the ASBCA, but on May 16, 1990, did submit a claim to the contracting officer requesting reimbursement of costs expended in attempting to comply with the portion of the contract defendant had terminated for default. Plaintiff further challenged the validity of the default termination, requesting that it be converted into a termination for the convenience of the government. Two days later, on May 18, 1990, plaintiff filed its action here seeking *de novo* consideration of the termination.

On June 5, 1990, defendant filed a motion to dismiss alleging that the court lacked jurisdiction to adjudicate the claim because the claim was premature. The court found that plaintiff's claim was not ripe for review because the contracting officer had not yet issued a determination either allowing or denying plaintiff's claim. A final decision by the contracting officer is a jurisdictional prerequisite in this court. On July 24, 1990, the court allowed defendant's motion, and dismissed the complaint without prejudice. *Scott Aviation v. United States*, 20 Cl.Ct. at 782. On July 25, 1990, defendant filed a motion for reconsideration requesting that the court vacate the judgment and dismiss the case with prejudice. On August 6, 1990, plaintiff filed its own motion for reconsideration asking the court to vacate its order of dismissal, and to direct the contracting officer to issue a final decision addressing plaintiff's claim for termination for the convenience of the government.

In its order on reconsideration, this court determined that, absent a final decision by the contracting officer, or until sufficient time had elapsed with no determination, plaintiff had no "claim" against the government as defined by the Contract Disputes Act, 41 U.S.C. § 601. *Scott Aviation v. United States*, 21 Cl.Ct. 782, 786 (1990). Therefore, this court could not, at that time, hear plaintiff's monetary claims. However, the court went on to note that "[p]laintiff may, at some future date, have a proper claim for adjudication by this court, but that is a matter for another day." *Id.* Upon reconsideration, the court dismissed plaintiff's complaint with prejudice, and vacated its July 24, 1990 order dismissing the case without prejudice. On January 7, 1991, plaintiff filed a notice of appeal to the United States Court of Appeals for the Federal Circuit. On January 30, 1991, plaintiff filed the complaint now before this court, alleging the same facts, but with the jurisdictional defect apparently corrected,[1] and requesting the same relief as the complaint filed on May 18, 1990, which now is pending before the Federal Circuit.

---

1. Plaintiff, in an effort to state a claim that could be adjudicated in accordance with this court's November 8, 1990 decision, added an allegation that the contracting officer refused to issue a final decision on plaintiff's claim within the sixty day statutory period of the Contract Disputes Act, 41 U.S.C. § 605(c)(5).

## DISCUSSION

This action raises two issues. The first is whether 28 U.S.C. § 1500 applies to bar the adjudication of a case when a previously filed case containing the same allegations is on appeal. The second issue is whether the contracting officer failed to issue a final decision. Plaintiff and defendant argued extensively over the question of the contracting officer being divested of authority to consider plaintiff's claim once plaintiff filed the first action in the Claims Court. The court will address only the first issue because 28 U.S.C. § 1500 is dispositive of this case regardless of the outcome of the second issue.

Under 28 U.S.C. § 1500:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other Court any suit or process against the United States[.]

Congress enacted the statute "to prohibit the filing and prosecution of the same claims against the United States in two Courts at the same time." *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed.Cir.1988), *cert. denied*, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989). The purpose of the statute includes avoiding "[t]he possibility of inconsistent judicial resolution of similar legal issues[,] ... unfair burden to the defendant, and unnecessary crowding of this court's docket and general administrative chaos." *Id.* at 1563 (quoting *City of Santa Clara v. United States*, 215 Ct.Cl. 890, 893 (1977)). The Supreme Court has concluded that § 1500's restriction on Claims Court jurisdiction requires "an election between a suit in the [Claims Court] and one brought in another court...." *Matson Navigation Co. v. United States*, 284 U.S. 352, 356, 52 S.Ct. 162, 164, 76 L.Ed. 336 (1932). Plaintiff contended that the statute's reference to "any other Court" makes it inapplicable to its situation because plaintiff's earlier case originated in this very court.

█ The first question the court must analyze in applying § 1500 is whether plaintiff's claims before the Federal Circuit and this court are the same. The claims are the same if they arise from the same set of operative facts, and seek the same kind of relief. *Johns–Manville*, 855 F.2d at 1563. The current complaint reiterated each allegation of fact, and prayed for the same relief as plaintiff's original complaint. The underlying facts are the same: plaintiff alleged that the Army's termination for default of one part of its production contract was improper because 1) plaintiff fully or substantially had performed that part of the contract, and 2) the government breached its implied duty to cooperate. Plaintiff claimed that it was entitled to a conversion of its termination for default into a termination for the convenience of the government, and requested money damages thereunder, or in the alternative, requested monetary compensation for supplies accepted by, and delivered to, the government. Most importantly, the issue of timeliness of filing in this court is the very issue on appeal.

The addition of the allegation that the contracting officer refused to issue a decision on plaintiff's claim within the statutory period thereby conferring jurisdiction on this court under the Contracts Disputes Act, 41 U.S.C. § 605(c)(5), does not change the operative facts of the case. While that fact is necessary for this court to exercise jurisdiction over either the previously filed, or currently pending case, in that it changed the claim from a non-justiciable claim to a justiciable claim, the court cannot view it as changing the operative facts of the claim.

Similarly, in *Nonella v. United States*, 16 Cl.Ct. 290 (1989), ranch owners filed a claim in the United States District Court for the District of Nevada, and the Claims Court, alleging that the Navy's supersonic overflights destroyed plaintiffs' homes and businesses. The Claims Court action was a fifth amendment takings claim; the previously filed district court action fell under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (1982). This court held that the operative facts were the same except for "necessary differences in theories of recovery or elements of proof alleged...."

*Nonella,* 16 Cl.Ct. at 293. The operative facts were, quite simply, that the Navy was running supersonic overflights of plaintiffs' property. Therefore, plaintiff could not maintain its action in the Claims Court.

In the instant case, the operative facts of both complaints are grounded in the allegedly wrongful termination for default on the same item of the same contract, with the necessary difference being the jurisdictional fact. Consequently, as the two actions state the same claim, 28 U.S.C. § 1500 deprives this court of jurisdiction because the parallel claim is pending in another court.

▮ Plaintiff argued that its other claim is not pending in "any other" court because it initially was filed in this court on May 18, 1990, and was assigned to the same judge. The court cannot read § 1500 so narrowly as to accept plaintiff's argument. Plaintiff currently is pursuing an appeal on the previously filed case before the Federal Circuit. The appeal rests on a jurisdictional issue. If this court asserts jurisdiction over this case, and the Federal Circuit overturns and remands this court's earlier decision that it lacked jurisdiction to hear plaintiff's original complaint, there would be two identical cases pending before this court for a decision on the merits. Congress could not have meant to allow such a result.

Plaintiff's situation is similar to that of the plaintiff in *U.N.R. Industries, Inc. v. United States,* 920 F.2d 916 (Fed.Cir.), *modifying,* 911 F.2d 654 (Fed.Cir.1990), in which the United States Court of Appeals for the Federal Circuit held that a petition for writ of certiorari pending in the Supreme Court is a pending "suit or process" under § 1500. *Id.* In *Keene Corp. v. United States,* 17 Cl.Ct. 146 (1989), *reversed, U.N.R. Industries, Inc. v. United States,* 911 F.2d 654 (Fed.Cir.1990), *vacated,* 926 F.2d 1109 (Fed.Cir. Dec. 18, 1990), *reh'g granted,* 926 F.2d 1109 (Fed.Cir. 1991), the predecessor case to *U.N.R. Industries,* the Claims Court dismissed the claims of six out of seven plaintiffs for lack of subject matter jurisdiction. The court held that jurisdiction is lacking if, at the time of the filing of a suit in the Claims Court, there is another pending case on the same claim in another court. *Id.* The ruling disposed of plaintiffs' argument that there were no cases on the same claim pending because their previously filed suits in other courts were stayed or dismissed at the time the government moved for dismissal under § 1500, and at the time the court actually considered the motion. Plaintiffs appealed, and on July 30, 1990, the Federal Circuit reversed and remanded the case, holding that § 1500 does not bar jurisdiction if there are no cases pending before another court when the Claims Court "entertains and acts on the government's § 1500 motion." *U.N.R. Indus., Inc. v. United States,* 911 F.2d 654, 667 (Fed.Cir. 1990), *vacated,* 926 F.2d 1109 (Fed.Cir. Dec. 18, 1990), *reh'g granted,* 926 F.2d 1109 (Fed.Cir.1991).

Following the Federal Circuit's ruling, the government submitted a petition for rehearing. On November 29, 1990, the Federal Circuit affirmed the § 1500 dismissal of one plaintiff's claim because that plaintiff had a petition for writ of certiorari pending in the Supreme Court at the time the Claims Court was deciding defendant's motion for dismissal under § 1500. *U.N.R. Indus., Inc.,* 920 F.2d at 917. The court denied the petition for rehearing with respect to that plaintiff's claim. On December 18, 1990, the Federal Circuit accepted the government's suggestion for rehearing *en banc* for the remaining claims, and vacated the July 30, 1990 order. *U.N.R. Indus., Inc. v. United States,* 926 F.2d 1109 (Fed.Cir.1990). After granting plaintiffs-appellants' motion for further briefing and argument, the court limited the briefing and argument to four issues, including the following two: 1) whether a petition for writ of certiorari is a pending action under § 1500, and 2) what constitutes a "claim" under § 1500. *U.N.R. Indus., Inc. v. United States,* 926 F.2d 1109, 1110 (Fed.Cir. 1991). While these two issues bear directly on plaintiff's case, this court presently is bound by the Federal Circuit's decision in *U.N.R. Industries, Inc. v. United States,* 920 F.2d 916 (Fed.Cir.1990), which it did not vacate. Therefore, plaintiff's appeal be-

fore the Federal Circuit, until that circuit says otherwise, constitutes a "pending suit or process against the United States" under 28 U.S.C. § 1500, and deprives this court of jurisdiction.

■ Plaintiff argued that, as an alternative to dismissal, the court should grant a stay of the proceedings. This would counter the precise language of § 1500, and thus is not permitted. "The plain meaning of 'pending' includes cases which have been filed but stayed." *Johns–Manville*, 855 F.2d at 1567. Plaintiff failed to act in accordance with the purposes of § 1500: plaintiff did not elect between filing an appeal, or filing a second action, and as a result, the United States must defend against two lawsuits, which allege the same operative facts and stem from the same complaint, in two separate courts. This falls squarely within the category of "general administrative chaos" contemplated by the court in *City of Santa Clara v. United States*, 215 Ct.Cl. at 893.

Plaintiff also argued that "the equities of this case" indicate a stay of the case, pending appeal, is necessary to preserve plaintiff's day in court. However, the statute is unambiguous and "does not allow, by its terms, a stay to be utilized instead of barring the prosecution of a case in the Claims Court...." *Dwyer v. United States*, 7 Cl. Ct. 565, 568 (1985). Furthermore, "the words 'shall not' are an absolute bar depriving this court of any discretion, whatsoever, when duplicative claims are filed." *Hill v. United States*, 8 Cl.Ct. 382, 385–86 (1985). The Federal Circuit expressly rejected such an argument stating that "[p]rinciples of equity do not support finding jurisdiction exists. A court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." *Johns–Manville*, 855 F.2d at 1565. In addition, this is a court of specific jurisdiction which has no "equitable" authority except in areas not pertinent here. *See* 28 U.S.C. § 1491 *et seq*.

Plaintiff relied on *Arizona Helicopters, Inc. v. United States*, 4 Cl.Ct. 662 (1984), and *Boston Five Cents Savings Bank,*

*FSB v. United States*, 864 F.2d 137 (Fed. Cir.1988), in support of a stay. However, those cases are distinguishable on the facts from plaintiff's case. Both cases follow the rule of law set out in *Casman v. United States*, 135 Ct.Cl. 647 (1956), in which the Court of Claims asserted jurisdiction over a claim even though a claim on the same facts was pending in the district court, because one action requested injunctive relief, while the other action requested money damages. Each type of relief was exclusive to the court in which the action was filed, and plaintiff therefore "had no right to elect between courts." *Id.* at 649. The court held that the two claims were "entirely different" because the types of relief plaintiff requested were different. *Id.* at 650.

In *Arizona Helicopters*, the Claims Court stayed the proceeding pending a final decision in the district court. Plaintiff there argued that the district court claim was legal, and the Claims Court suit was equitable, and therefore the court had jurisdiction. The court was not convinced fully by plaintiff's characterization, but the situation gave the court a "benefit of the doubt feeling" because a stay would allow plaintiff to seek the equitable remedy if plaintiff received an adverse decision in the district court on the legal claim. *Arizona Helicopters*, 4 Cl.Ct. at 666.

Similarly, in *Boston Five Cents Savings Bank*, the Claims Court had exclusive jurisdiction over a monetary damages claim, but dismissed the case because plaintiff also had an action for a declaratory judgement pending in the district court on the same claim. 864 F.2d at 138. The Federal Circuit reversed the dismissal of the suit and remanded the case, directing the Claims Court to stay the case until the declaratory judgment suit was decided. *Id.* at 140.

Plaintiff, relying on the *Casman* line of cases, contended that, because the Federal Circuit cannot grant the relief requested in the original complaint, this court has jurisdiction. However, this court has interpreted *Johns–Manville* as "limit[ing] the *Casman* exception to ... [those situations] where the plaintiff seeks substantially dif-

ferent relief in each forum." *Nonella*, 16 Cl.Ct. at 293. Both the pending appeal, and this action, were brought on the same complaint. Plaintiff appealed this court's unfavorable decision with the hope that the Federal Circuit will reverse and remand the case for trial, and therefore ultimately still is seeking monetary damages. Plaintiff certainly is not seeking different types of relief in each court, nor was it forced to elect between two courts with the result of losing the relief available from the court it did not choose. Therefore, *Arizona Helicopters* and *Boston Five Cents Savings Bank* are inapplicable to plaintiff's case here.

Plaintiff, foreseeing the possibility that the statute of limitations will run on its claim before the Federal Circuit decides the appeal on the original case, suggested that, if this court dismisses this case, plaintiff may lose its day in court on this claim forever. While plaintiff may be correct, that fact cannot supersede § 1500's direct and unambiguous mandate. *See Corona Coal Co. v. United States*, 263 U.S. 537, 44 S.Ct. 156, 68 L.Ed. 431 (1924).

In *Corona Coal*, the Supreme Court dismissed an appeal following a dismissal of the claim by the Court of Claims. After being unsuccessful in the Court of Claims, and before appealing to the Supreme Court, plaintiff filed suit in the district court on the same claim. Section 154 of the Judicial Code, the predecessor of 28 U.S.C. § 1500, which not only restricted the jurisdiction of the Court of Claims, but also limited the jurisdiction of the Supreme Court in hearing appeals from that court, called for dismissal of the appeal for lack of jurisdiction because of the pending action in the district court. In response to plaintiff's argument that the actions were necessary in order to avoid a bar by the statute of limitations, the Court answered: "the words of the statute are plain, ... no room is left for construction, and we are not at liberty to add an exception in order to remove apparent hardship in particular cases." *Corona Coal Co.*, 263 U.S. at 540, 44 S.Ct. at 156.

The Court of Claims also has held that the statute of limitations cannot be used to circumvent § 1500. *See Wessel, Duval & Co. v. United States*, 129 Ct.Cl. 464, 124 F.Supp. 636 (1954). In *Wessel*, the court granted defendant's motion to dismiss under § 1500. Plaintiff had filed suit in the Court of Claims to avoid being barred by the statute of limitations in the event that the pending action in the district court would be dismissed for lack of jurisdiction. The court held:

> [a]lthough plaintiff's desired result is an appealing one, we believe the language of 28 U.S.C. § 1500 is quite explicit and to defer action in this court would foster just the type of occurrence which section 1500 was enacted to prevent, i.e., the maintaining of two suits against the United States on the same claim and at the same time in two different courts.

*Id.* 124 F.Supp. at 637–38. The court determined that "[p]laintiff has no vested right to proceed in two courts." *Id.* at 638. That edict applies, with equal force, to plaintiff here. Plaintiff created the situation at bar, and must accept the consequences of its action.

## CONCLUSION

In the present case, plaintiff was not faced with an involuntary election between filing in one court or another which would have resulted in the loss of remedies exclusive to the court not chosen. The Claims Court would have exclusive jurisdiction over plaintiff's claim, if properly pled, and plaintiff's choice was between filing an appeal, or filing a second action in the Claims Court. As plaintiff has opted for the former, and the issue is the same, under 28 U.S.C. § 1500, this court has no jurisdiction over plaintiff's second complaint. The court therefore grants defendant's motion to dismiss for lack of jurisdiction. The Clerk of the court is directed to dismiss the complaint without prejudice. Upon receipt of this Order, the parties are ordered to notify the United States Court of Appeals for the Federal Circuit of its existence as a related case. No costs.

IT IS SO ORDERED.