70 F.3d 130
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Calvin J. WEBER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5081.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1995.
 
 Before ARCHER, Chief Judge, NEWMAN and LOURIE, Circuit Judges.
 NEWMAN, Circuit Judge.
 
 
 1
 Calvin J. Weber appeals the decision of the United States Court of Federal Claims, dismissing his complaint for lack of subject matter jurisdiction.[1] We affirm the dismissal on alternative grounds.
 
 
 2
 Mr. Weber asserts that the Army improperly rejected a proposal that he submitted pursuant to the Army's Value Engineering Program, but adopted and paid for the same proposal later submitted by a contractor; and that the Army implemented another of Mr. Weber's cost-saving proposals but declined to pay for it. The proposals relate to improvements in the design of a helicopter exhaust system. Mr. Weber communicated the proposals to the Army while he worked at the Army Aviation and Troop Command in St. Louis, Missouri.
 
 
 3
 The Court of Federal Claims dismissed the complaint for lack of subject matter jurisdiction, holding that this was not a claim for money due from the United States on the ground that the statute authorizing the Value Engineering Proposal program was not a money-mandating statute. The court did not consider whether the pleadings provided the basis for a claim in implied-in-fact contract, as discussed in Griffin v. United States, 215 Ct.Cl. 710, 713 (1978) (describing the program as the "purchase of suggestions from service members").
 
 
 4
 In Ralston Steel Corp. v. United States, 340 F.2d 663, 668 (Ct.Cl.), cert. denied, 381 U.S. 950 (1965) the Court of Claims explained that the distinction between subject matter jurisdiction and determination of whether a claim is well founded applies to assertions of implied-in-fact contract. Thus the Court of Federal Claims erred in dismissing the complaint on the ground of lack of subject matter jurisdiction. However, since the complaint requires dismissal under 28 U.S.C. Sec. 1500, we do not reach the issues of Tucker Act jurisdiction on the particular facts of this case.
 
 
 5
 The Court of Federal Claims observed that Mr. Weber had an "identical factual claim" pending in the United States District Court for the Eastern District of Missouri. 28 U.S.C. Sec. 1500 provides that the Court of Federal Claims
 
 
 6
 shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.
 
 
 7
 For purposes of Sec. 1500 a claim is defined by the operative facts of the case, not the legal theory on which recovery is sought. Keene Corp. v. United States, 113 S.Ct. 2035, 2042-43 (1993), aff'g UNR Industries, Inc. v. United States, 962 F.2d 1013 (Fed.Cir.1992). As explained in UNR Industries, 962 F.2d at 1019, although a district court action may sound in tort and the action in the Court of Federal Claims may sound in contract, they are the same claim if they are based on the same operative facts and seek monetary relief. However, claims based on substantially the same operative facts may avoid the stricture of Sec. 1500 if they seek a distinctly different form of relief that is unavailable in the other tribunal. See Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1550 (Fed.Cir.1994) (distinguishing equitable from monetary relief); Casman v. United States, 135 Ct.Cl. 647, 649-50 (1956).
 
 
 8
 Section 1500 thus requires the plaintiff to choose only one judicial forum in which to press its claim against the United States. See Keene Corp., 113 S.Ct. at 2037; Dico, Inc. v. United States, 48 F.3d 1199, 1203-04 (Fed.Cir.1995); Johns-Manville Corp. v. United States, 855 F.2d 1556, 1564 (Fed.Cir.1988), cert. denied, 489 U.S. 1066 (1989). The Court of Federal Claims is barred by Sec. 1500 from entertaining the action if a claim pending in another court arises from the same operative facts and seeks the same form of relief.
 
 
 9
 In presenting his case to the Court of Federal Claims Mr. Weber explained that in the district court he was requesting damages only for his value engineering proposal for "new production" of his suggested improvement to the Hot Metal Plus Plume Suppression System (HMPP) after 1989, while in the Court of Federal Claims suit he had an additional count for HMPP production before 1989. In the district court action he reportedly sought $175,000 in damages, while in the Court of Federal Claims he sought $275,000. However, he points to no substantive difference in the operative facts and the form of relief; the difference, if any, appears to lie in the extent or kind of use of the proposal. The claim pending in the district court need not be identical in insubstantial aspects to that filed in the Court of Federal Claims, to raise the bar of Sec. 1500. The Supreme Court has explained that "Congress did not intend the statute to be rendered useless by a narrow concept of identity providing a correspondingly liberal opportunity to maintain two suits arising from the same factual foundation." Keene Corp., 113 S.Ct. at 2043.
 
 
 10
 Mr. Weber stated that the purpose of his multiple filing was to avoid the statute of limitations in the Court of Federal Claims should he not prevail in the district court. However, this motive does not bar operation of Sec. 1500. Corona Coal Co. v. United States, 263 U.S. 537, 540 (1924); Johns-Manville, 855 F.2d at 1564-65; Wessel, Duval & Co. v. United States, 124 F.Supp. 636, 637-38, 129 Ct.Cl. 464, 465-66 (1954). Indeed, the purpose of Sec. 1500 is to bar relitigation of essentially the same claim. Since the district court action was pending at the time Mr. Weber filed this case in the Court of Federal Claims, the latter action is barred by Sec. 1500. On this ground, the dismissal by the Court of Federal Claims is affirmed.
 
 
 
 [1]
 Weber v. United States, No. 95-83C (Fed.Cl. Feb. 7, 1995)