The **BOSTON FIVE CENTS SAVINGS BANK FSB, Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 790–86C.

United States Claims Court.

Jan. 28, 1988.

## OPINION

WIESE, Judge.

This matter is before the court on defendant's motion to dismiss the complaint on the ground that suit here is barred by the provisions of 28 U.S.C. § 1500 (1982). Plaintiff opposes the motion and seeks a stay of proceedings to await the outcome of related litigation now pending before the United States District Court for the District of Massachusetts. The matter has been fully briefed and argued; the court concludes that dismissal is required.

## FACTS

Plaintiff, the Boston Five Cents Savings Bank, FSB ("the bank"), holds a mortgage on an apartment building. The mortgage is guaranteed by the Department of Housing and Urban Development ("HUD"). Over the bank's objection, the Government permitted the mortgagor to convert the building into cooperative housing units.

In January 1981, the bank brought suit in the United States District Court for the District of Massachusetts seeking a declaratory judgment to the effect that the then-anticipated conversion (that action apparently was not completed until later in 1981) would violate § 207 of the National Housing Act, 12 U.S.C. § 1713 (1980), and breach the plaintiff's mortgage agreement as well as the regulatory agreement between plaintiff and HUD. Some five years later—following the entry of a summary judgment against the bank that was vacated on appeal, *Boston Five Cents Savings Bank v. Pierce*, 601 F.Supp. 38 (D.Mass. 1984), *vacated sub nom. Boston Five Cents Savings Bank v. Dept. of Housing*, 768 F.2d 5 (1st Cir.1985)—the bank moved to amend its complaint to include a count for money damages. A hearing was held on the matter and, based on the district judge's findings, an order was entered on May 8, 1986 denying the motion to amend on grounds of inexcusable delay.

On December 18, 1986, plaintiff filed its claim for contract damages in this court in order to avoid the expiration of the statute of limitations. Several hours later on the same day, plaintiff filed an identical protective suit in the district court. Thereafter, it moved to stay both proceedings pending the outcome of the original suit in the district court. A stay was granted in the district court.

## DISCUSSION

As indicated, the Government opposes the motion to stay and instead seeks dismissal of the complaint based on the jurisdictional bar of 28 U.S.C. § 1500 (1982). That statute reads in pertinent part as follows:

> The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff ... has pending in any other court any suit or process against the United States....

The purpose of the statute is to avoid duplicative litigation: "[S]ection 1500 was enacted to prevent ... the maintaining of two suits against the United States on the same claims and at the same time in two differ-ent courts." *Wessel, Duval & Co. v. United States*, 129 Ct.Cl. 464, 465, 124 F.Supp. 636, 637–38 (1954).

■ In *Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), it was decided that a suit begun in another court *after* an action had been filed in the Court of Claims (now the Claims Court) was not a "pending" suit within the contemplation of the statute. Thus, section 1500 potentially applies only in those situations where the litigation that is brought here is also the subject of a previously filed action that remains pending in another forum.

Further, in deciding the dimensions of a "claim" for purposes of section 1500, the court has taken a practical approach consistent with the purposes of the statute and a litigant's opportunity to secure full relief. In substance, the cases say that section 1500 requires dismissal when the claim that is brought here involves the same operative facts that are raised in the earlier-filed action pending in another forum *and* the substantive relief sought here is presumably also available in that other forum. *Ireland v. United States*, 11 Cl.Ct. 543, 545 (1987); *Gary Aircraft Corp. v. United States*, 226 Ct.Cl. 568, 571 (1981); *Pitt River Home and Agricultural Cooperative Ass'n v. United States*, 215 Ct.Cl. 959, 960–61 (1977); *Santa Clara, California v. United States*, 215 Ct.Cl. 890, 981 (1977); *Casman v. United States*, 135 Ct.Cl. 647, 650 (1956).

■ Evaluated in light of these considerations, it is clear that plaintiff cannot maintain an action in this court. The facts set out in the complaint filed here are identical to those recited in the complaint filed in the district court, while the relief sought here —money damages for breach of contract— is, according to plaintiff's view of the applicable law, equally within the authority of the district court to grant. That is, the bank argues in the district court that it may pursue a claim for monetary relief there against HUD for breach of contract under the provisions of the National Housing Act, 12 U.S.C. § 1702 (1980), which

authorizes the Secretary of Housing and Urban Development "to sue and be sued in any court of competent jurisdiction, State or Federal." Although we intimate no view on the correctness of plaintiff's argument, for purposes of determining the applicability of section 1500, it is enough to note the pendency in another forum of an action seeking the same relief as the suit later filed in this court. Thus, this case falls squarely within the jurisdictional prohibition of section 1500.

The bank sees the situation differently. Its view seems to be that the denial of the motion to amend removed that issue from the district court case, thus leaving the bank free to commence a separate action for money damages elsewhere. Such a view would fit had the denial to amend rested on grounds of lack of jurisdiction or because the district court meant to reserve the money claim for a later suit. But that is not what happened. The motion to amend was denied because it was judged to be inexcusably late. In his order of May 8, 1986, the district court judge wrote:

> I conclude that justice does not require the allowance of the amendment because ... (a) the plaintiff has not met its burden of showing some valid reason for the delay, and (b) the allowance of the motion would unduly prejudice defendants....

Given the district court language, this court considers the denial of the motion to amend an exercise of adjudicatory power as conclusive in its effect as a ruling on the merits. Consequently, since plaintiff invoked the authority of the district court and that authority has been exercised in the matter, the bank cannot ignore the adverse ruling it received in hopes of getting a better answer in another forum. Sound principles of judicial administration dictate that any error in the ruling be pursued on appeal and not through a subsequent action elsewhere on the same claim. Indeed, the rule is that "[w]here a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every court." *Elliot*

*v. Peirsol*, 26 U.S. (1 Pet.) 328, 340, 7 L.Ed. 164 (1828). Therefore, plaintiff's demand for money damages remains pending before the district court. Accordingly, suit in this Court is barred by 28 U.S.C. § 1500 (1982).

## CONCLUSION

For the reasons stated, defendant's motion to dismiss is granted and the Clerk is directed to enter judgment dismissing the complaint.