The BOSTON FIVE CENTS SAVINGS BANK, FSB, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 88–1306.

United States Court of Appeals, Federal Circuit.

Dec. 16, 1988.

Steven P. Perlmutter, Harrison & Ma-Guire, P.C., Boston, Mass., argued for plaintiff-appellant.

James G. Bruen, Jr., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., J. Christopher Kohn, Director and Linda M. Samuel.

Before SMITH, BISSELL, and MICHEL, Circuit Judges.

BISSELL, Circuit Judge.

The Boston Five Cents Savings Bank, FSB (Boston Bank) appeals the judgment of the United States Claims Court, *see* 14 Cl.Ct. 217 (1988), dismissing its complaint against the United States for damages arising out of an alleged breach of a mortgage contract. We reverse and remand with instructions to stay.

## BACKGROUND

Boston Bank holds a $3,114,600 mortgage on a rental apartment building in Boston. The Department of Housing and Urban Development (HUD) guaranteed payment of the mortgage under section 207 of the National Housing Act, 12 U.S.C. § 1713 (1982 & Supp. IV 1986). On December 30, 1980, and over Boston Bank's objections, HUD permitted the mortgagor to convert the building into cooperative housing units.

On January 7, 1981, Boston Bank brought suit in the United States District Court for Massachusetts seeking a declaratory judgment that the conversion would breach the mortgage agreement, breach a regulatory agreement between Boston Bank and HUD, and violate section 207. Damages were not sought because the conversion, although authorized, had not yet occurred. The district court granted summary judgment against Boston Bank and the First Circuit vacated the judgment on appeal. *Boston Five Cents Sav. Bank v. Pierce*, 601 F.Supp. 38 (D.Mass.1984), *vacated sub nom. Boston Five Cents Sav. Bank v. Secretary of the Dep't of Hous. & Urban Dev.*, 768 F.2d 5 (1st Cir.1985).

On remand, Boston Bank moved to amend its complaint to include a claim for money damages. The government moved to dismiss the complaint on the ground that declaratory relief is unavailable for the government's breach of a contract and the exclusive remedy is a damages claim in the Claims Court. On May 8, 1986, the district court denied Boston Bank's motion on the basis of inexcusable delay in seeking to amend and deferred ruling on the government's motion to dismiss. Although originally set for September 29, 1986, trial has yet to begin.

On December 18, 1986, Boston Bank filed this suit in the Claims Court in order to avoid application of the statute of limitations. Later the same day, Boston Bank filed an identical damages suit in the Massachusetts District Court. Thereafter, Boston Bank moved to stay both proceedings pending the outcome of the original declaratory judgment action. The district court granted the unopposed motion to stay. The Claims Court, instead of staying the action, granted the United States' motion to dismiss on the basis of 28 U.S.C. § 1500 (1982). *Boston Five*, 14 Cl.Ct. at 219. This appeal of the Claims Court judgment followed.

## ISSUES

1. Whether 28 U.S.C. § 1500 requires the Claims Court to dismiss Boston Bank's suit against the United States for money damages when another suit seeking only declaratory relief is pending in the district court.

2. Whether Boston Bank's unsuccessful attempt to amend the declaratory judgment complaint in the district court to include a claim for money damages caused the money damages claim to be pending at the time the Claims Court action was filed.

3. Whether Boston Bank's filing of the identical money damages suit in district court on the same day the Claims Court action was filed requires the Claims Court to dismiss the action under 28 U.S.C. § 1500.

## OPINION

Section 1500 provides:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. This court recently engaged in an extensive discussion of the history, purpose and judicial precedents of section 1500. *See Johns–Manville Corp. v. United States,* 855 F.2d 1556 (Fed.Cir. 1988).

### I.

In *Johns–Manville,* this court held that section 1500 bars Claims Court jurisdiction over claims already pending in another court and arising out of the same operative facts, even if the suits are based on different legal theories. *Id.* at 1568. An important exception, however, exists when "a type of relief not available in the Claims Court is sought in the other court." *Id.* Under this exception, enunciated in *Casman v. United States,* 135 Ct.Cl. 647, 649–50 (1956), the Claims Court has jurisdiction over monetary claims in excess of $10,000 when the prior-filed suit seeks only equitable relief. *See Johns–Manville,* 855 F.2d at 1566.

■ Boston Bank's original suit in district court seeks only equitable relief in the form of a declaratory judgment. The Claims Court suit, although involving the same operative facts and dispositive issues, requests only monetary relief. Therefore, because different types of relief are sought, jurisdiction over the monetary claim lies in the Claims Court.

### II.

The Claims Court held that Boston Bank's unsuccessful attempt to add the monetary claim to the original district court complaint bars Boston Bank from seeking money damages. According to the government, "[u]ntil the damage claim raised in the district court is resolved on appeal, that claim is pending," thus barring the Claims Court from accepting jurisdiction under section 1500. We disagree.

■ The monetary claim was not part of the original declaratory judgment complaint. Boston Bank's attempt to amend the complaint and place the money claim before the district court failed. Claims Court jurisdiction is not barred here because, at the time the Claims Court action was filed, no money claim was pending in the district court within the purview of section 1500.

### III.

The government argues that the second district court action seeking monetary damages, filed on the same day as the Claims Court suit, bars jurisdiction in the Claims Court. The Court of Claims' ruling in *Hossein v. United States,* 218 Ct.Cl. 727, 729 (1978), however, requires the Claims Court to retain jurisdiction over the monetary claim until the district court has disposed of the declaratory judgment action.

In *Hossein,* three counts were before the Court of Claims on defendant's motion for summary judgment. *Id.* at 727–28. Contemporaneously with the filing of the Claims Court action, the plaintiff had filed a suit containing the same claims in district court. *Id.* at 728. Counts II and III were a $250,000 negligence claim against the United States and a request for specific performance on a bailment contract, respectively. *Id.* The court granted summary judgment on counts II and III because it lacked jurisdiction over tort claims and claims requesting equitable relief. *Id.*

Count I, however, sought damages of $250,000 for breach of contract. *Id.* at 729. The court refused to dismiss this monetary claim because it recognized its "exclusive jurisdiction over the claim." *Id.* Instead of dismissing, the Court of Claims suspended its consideration of the summary judgment with respect to count I in light of the pending district court action. *Id.*

■ We cannot find any reason why the Court of Claims' rationale in *Hossein* should not apply here. Because the Claims Court has exclusive jurisdiction over Boston Bank's monetary claim, it should not have dismissed the suit. Identical complaints were filed in the Claims Court and the district court. Thus, only one legal theory forms the basis for the complaints, and the Claims Court has sole jurisdiction over the claim. *Johns–Manville* does not hold to the contrary.

## IV.

■ A balancing of the competing interests dictates that a stay of the Claims Court action is appropriate. *See Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). The same issues and operative facts as those in this case are currently pending before the district court in the declaratory judgment action. Judgment in that action will dispose of many, if not all, of the issues in the Claims Court action.

## CONCLUSION

In accordance with the foregoing, we reverse the judgment of the Claims Court dismissing Boston Bank's suit, and remand with instructions to stay pending the outcome of the declaratory judgment action.

REVERSED AND REMANDED WITH INSTRUCTIONS TO STAY.