**HARDWICK BROTHERS COMPANY, II, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 702–88C.**

United States Claims Court.

Sept. 4, 1992.

Michael J. Blake, Kansas City, Mo., for plaintiff; Lawrence Lerner, of counsel.

Margaret Baskette, and Dean Grayson, Washington, D.C., with whom were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director, for defendant; R. Dale Holmes and Jerusha L. White, Corps of Engineers, Kansas City, Mo., of counsel.

## OPINION

ROBINSON, Judge:

This matter is before the court upon defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(3) for lack of juris-

diction upon the ground that under 28 U.S.C. § 1500 (1992), the court was divested of jurisdiction when plaintiff filed the same claim in another court on March 20, 1992. Plaintiff filed its response to the Motion to Dismiss and defendant replied to that response. The court held oral argument on the Motion on August 24, 1992. For the reasons which follow, the court will grant defendant's Motion to Dismiss.

### Background

This case arises from an express written contract with the United States Corps of Army Engineers (defendant or Corps) entered into with plaintiff for the construction of an earthen levee as part of a comprehensive flood control project. The levee is located north of the Missouri River near Brunswick, Missouri. The trial of the case required approximately eight weeks to complete. The issues presented in the pleadings and during trial are complex and involve overlapping theories and grounds for recovery. Plaintiff argued that high water levels, erroneous or inaccurate topographic data, withheld information, the misconduct of Corps officials and other factors entitled plaintiff to recover millions of dollars in damages based upon the Corps' defective specifications, breach of warranty, differing site conditions, failure to disclose superior knowledge, constructive changes, professional malpractice, and spoliation of evidence. After oral argument the court took the matter under advisement.

On April 10, 1991, plaintiff submitted a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. (1992), to the Department of the Army. That claim was denied on September 25, 1991. Plaintiff then filed its FTCA complaint in the United States District Court for the West-

ern District of Missouri (district court) on March 20, 1992. Plaintiff's FTCA complaint, which was premised upon the same levee construction contract here at issue, alleged that high water levels, inaccurate topographic data, withheld information, and the conduct of Government officials entitled plaintiff to recover damages under various tort theories including negligence, misrepresentation, professional malpractice, and spoliation of evidence.

On April 23, 1992, while this suit and plaintiff's FTCA complaint were pending, the United States Court of Appeals for the Federal Circuit handed down its en banc decision in UNR Indus. v. United States, 962 F.2d 1013 (Fed.Cir.1992), petition for cert. filed (July 22, 1992). In that case, the Federal Circuit had before it the effect of 28 U.S.C. § 1500 upon the jurisdiction of this court.[1] Thereafter, on May 22, 1992, defendant filed its Motion to Dismiss based upon the Federal Circuit's en banc decision, although at that time plaintiff had already dismissed its FTCA complaint in the district court.[2]

## DISCUSSION

The central issue presented is whether, under the UNR Industries decision, this court has been divested of jurisdiction pursuant to § 1500 and must, forthwith, dismiss plaintiff's complaint regardless of the prior dismissal of the district court action, the length of pendency of this case prior to the filing of the district court action, or any other equitable considerations which have in the past resulted in the Claims Court's retention of jurisdiction. Boston Five Cents Savs. Bank, FSB v. United States, 864 F.2d 137 (Fed.Cir.1988); Hossein v. United States, 218 Ct.Cl. 727 (1978); Brown v. United States, 175 Ct.Cl. 343, 358 F.2d 1002 (1966); Tecon Engrs., Inc. v.

---

**1.** § 1500 provides that this court "shall not have jurisdiction of any claim for or in respect of which the plaintiff ... has pending in any other court any suit ... against the United States."

**2.** This court had completed its final draft of its opinion in the contract action and was within approximately one week of issuance of that opinion when it first learned of plaintiff's district court action. At a subsequent status con-

ference the court learned plaintiff had already dismissed the district court action, but that defendant wished to file a Motion to Dismiss premised upon applicability of § 1500. Consequently, the court postponed issuance of its opinion to allow defendant to file its Motion to Dismiss and to permit resolution of the jurisdictional issue.

*United States,* 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); *Casman v. United States,* 135 Ct.Cl. 647 (1956), each *overruled by UNR Indus.,* 962 F.2d at 1022, 1023, 1025.

In its Motion to Dismiss defendant contends that, as was the case in *UNR Industries,* the claims in these two actions are basically the same although the district court action is a tort action and this action is a contract action. This results, defendant contends, from the fact that they "arise" from the same "operative facts." As merely illustrative of the operative facts which are allegedly the same, defendant points to plaintiff's assertions in both actions of high water levels; defective specifications; erroneous typographical data; and the withholding of information before, during, and after contract performance. These and other overlapping issues, defendant asserts, explicitly appear in the pleadings in both cases, were raised during trial in this case, or on brief and, therefore, constitute plaintiff's "claims" in this case as if they had been specifically raised in plaintiff's complaint herein. In short, for purposes of a § 1500 analysis, defendant argues that the claims are the same, thus this court has been totally divested of all jurisdiction, regardless of when this court chooses to "memorialize" that fact by issuance of its order of dismissal. Further, says defendant, it is irrelevant that the district court action is no longer pending. Once jurisdiction has been lost by operation of § 1500, defendant argues, it cannot be regained simply by plaintiff's dismissal, however expedient, of the pending district court action, however expeditious that action may be.

Plaintiff strenuously opposes defendant's Motion to Dismiss. Plaintiff counters that jurisdictional questions arising under § 1500 are moot because of the prior dismissal of its district court complaint; that § 1500 is not applicable to Contract Disputes Act (CDA) actions in this court, because of the broad jurisdictional language of the CDA; that *UNR Industries* does not apply under the facts of this case, because the "operative facts" materially differ and thus the two claims are not the same when carefully compared; that plaintiff's tort claims, set forth in its district court action, actually arose at different times; and that, in any event, dismissal is not appropriate when the court may continue or reinstitute its claims in the Claims Court at any time if defendant's Motion to Dismiss is granted and this action is dismissed. Plaintiff alternatively argues that this court should simply stay this action to permit plaintiff to file another suit in this court based upon a deemed denial of a third claim filed with the contracting officer which will allegedly permit plaintiff to file a separate action and concomitantly serve notice of a related claim.

In response, defendant asserts that in view of the holding in *UNR Industries,* none of plaintiff's contentions have merit. It argues that *UNR Industries* leaves this court no discretion on equitable, or other grounds, to retain jurisdiction. Defendant urges that *UNR Industries* makes clear that dismissal of plaintiff's tort action could not effect reestablishment of jurisdiction; that the operative facts, even when examined in detail, are in all essential respects the same, even though the legal theories may differ; and that complete dismissal is the only action this court can legally take at this time. Thus, defendant, reaffirming its arguments as stated in its Motion to Dismiss, seeks complete dismissal on the basis of the en banc holding of the Federal Circuit.

In *UNR Industries,* the Federal Circuit made abundantly clear that all prior panel decisions of the Federal Circuit, which were specifically recognized as being in conflict with its instant decision, were being overruled. *UNR Indus.,* 962 F.2d at 1022, 1023, 1025. Thus, the Federal Circuit left no doubt that under § 1500, the Claims Court would be divested of jurisdiction "regardless of when the [Claims Court] memorializes the fact by order of dismissal." *Id.* at 1021. This straightforward language is quite instructive and leaves this court little room for equitable considerations or equivocation. The Federal Circuit intended that its decision be applied retroactively—that

is, to pending cases such as this case. *Id.* at 1025. Further, this court has no basis for revival of past precedent. This court is bound to follow the precedent of *UNR Industries* regardless of its agreement or disagreement with that decision. Accordingly, it is held that plaintiff's prior dismissal of its tort action in the district court did not effect reestablishment of the Claims Court's jurisdiction. *Id.* at 1021. Thus, the court is forced to find that the question of whether § 1500 applies has not been rendered moot by that dismissal.

■ Next, the court turns to plaintiff's novel contention that § 1500 does not apply to the CDA.[3] There is no question that the CDA provides for a comprehensive system or basis for access to this court for aggrieved Government contractors. Plaintiff is correct in arguing that the CDA envisions direct access to this court "notwithstanding any contract provision, regulation, or rule of law to the contrary." 41 U.S.C. § 609(a)(1) (1987). However, plaintiff is incorrect in arguing that, under the plain meaning of this statutory language and the legislative history of the CDA, considered along with congressional policies underlying the CDA, Congress meant to modify the reach of § 1500 to permit suits in the Claims Court, notwithstanding any duplicative or overlapping suits in other federal courts. *Cf. Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976); *United States v. United Continental Tuna Corp.,* 425 U.S. 164, 168, 96 S.Ct. 1319, 1323, 47 L.Ed.2d 653 (1976) ("It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored."). Under plaintiff's analysis, it would be immaterial when the district court tort action was filed—that is, whether before or after the Claims Court action—nor would it be material whether the operative facts were the same. Thus, plaintiff's contention would mean *UNR Industries* has absolutely no application to this case. This argument is rejected. Had the jurisdictional bases for the duplicative actions, which

were before the Federal Circuit in *UNR Industries,* been of concern to that court, surely it would have devoted some portion of that comprehensive opinion to that subject. In other words, had the Federal Circuit intended to except the CDA from a broad application of its ruling as to the purview of § 1500, it is reasonable to conclude that it would have definitively addressed that subject. Therefore, the court finds that, in *UNR Industries* the Federal Circuit applied § 1500 without regard for the jurisdictional basis of the Claims Court suit there involved.

Plaintiff contends that Congress's establishment, by the CDA, of dual trial fora—placing jurisdiction in the Claims Court and in the boards—supports its argument respecting the supersedence of § 1500 by the CDA. The court disagrees with that contention. There are recognized disharmonies and differences in the respective jurisdictions of these two fora over contract cases. One of these is that boards are not expressly restricted by applications of § 1500. Boards have certain powers that appellate courts have determined the Claims Court does not have. For example, the jurisdiction of this court "is circumscribed by the Tucker Act, as historically defined; the jurisdiction of the boards, of course, is not." *Overall Roofing & Const., Inc. v. United States,* 929 F.2d 687, 689 (Fed.Cir.1991). Concomitantly, this court has been given certain powers that the boards do not have. For example, the court has the power to order consolidation of any two or more suits arising from one contract if filed in one or more agency boards and in this court. 41 U.S.C. § 609(d) (1987). Accordingly, in reliance upon *UNR Industries,* the court finds that regardless of the dual nature of this court's jurisdiction with the various boards over contract cases, § 1500 is applicable to claims brought under the CDA in this forum.

■ Plaintiff's argument that its claims, for purposes of § 1500, are differ-

---

**3.** In *Scott Aviation v. United States,* this court applied § 1500 to a claim brought pursuant to the CDA (although the issue of whether the CDA should be exempt from § 1500 was not specifically addressed). *Scott Aviation v. United States,* 23 Cl.Ct. 573 (1991).

ent because they are based upon different legal theories and different operative facts, is also without merit. As *UNR Industries* made clear, a "claim" is not circumscribed by and "does not refer to a legal theory ... but to a set of underlying facts." *UNR Indus.*, 962 F.2d at 1023, 1024. Defendant maintains that the elements of proof, the remedies sought, and the categories of damages specified are not determinative of the operative facts governing a § 1500 analysis. The court agrees.

A detailed analysis of each and every operative fact plaintiff raised in its tort action (or which plaintiff might conceivably raise during trial and subsequent briefing in that action) is not necessary in order to generally conclude from a reasonable comparative analysis that the basic operative facts are substantially the same.[4] This court is particularly well acquainted with the operative facts upon which plaintiff relies in this action. Those facts, among other matters, relate to allegedly erroneous topographical information, which plaintiff admits permeates all of the issues involved in this case; professional neglect or malpractice; withholding of information; the Corps' superior knowledge before, during, and after contract performance; spoliation of evidence; over-inspection involving misinterpretation of contract provisions; differing site conditions; inadequate plans and specifications; recision of the Value Engineering Cost Proposal; and various damage issues including interest claims. This court is convinced that these issues are so intertwined and interrelated that they cannot be easily separated for purposes of independent analysis. What is manifest from reviewing plaintiff's com-

plaint in its tort action is that there is no material difference in the operative facts in the two actions; therefore, for purposes of § 1500, the two claims are, in all essential respects, the same. *Id.* at 1023–24. Thus, dismissal is required as a matter of law since this court no longer has jurisdiction. *Id.* at 1025.

Further, the court concludes that there is no authority to take any other action, such as staying the case to permit plaintiff to seek some other avenue of relief. In short, dismissal must be ordered pursuant to § 1500 under the decision in *UNR Industries*, notwithstanding any right that plaintiff may have to reinstitute suit in this court on these same claims or on any other claims which are as yet unfiled. The plaintiff's right to reinstitute these claims or bring others is simply irrelevant at this stage.

## CONCLUSION

Unquestionably, dismissal of this suit at this late stage in the proceedings is certain to result in additional delay, litigation costs, attorneys' fees, and possibly other inequities not yet apparent. However, we have no choice in the matter. Accordingly, for the above assigned reasons, the Clerk of the Court is ordered to dismiss the case without prejudice. No costs.[5]

---

4. There is virtually no material fact that plaintiff has not, or could not through its subsequent pleadings at trial, advance in its tort action as a basis for recovery. Such material facts, those which are or may become key elements of plaintiff's case in its tort action, are within the definition of operative facts.

5. We again urge the parties to conscientiously attempt to reach a resolution of the case

through good faith settlement discussions rather than begin a new round of litigation which will delay ultimate resolution of plaintiff's claims and expend additional judicial resources.