**DICO, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–453C.**

United States Court of Federal Claims.

Feb. 25, 1993.[1]

Charles F. Lettow, Cleary, Gottlieb, Steen & Hamilton, Washington, DC, for Dico, Inc.

Marc Allen Smith, U. S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for the U.S.

## ORDER

WEINSTEIN, Judge.

This case comes before the court on defendant's motion to dismiss for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) and plaintiff's cross-motion for voluntary dismissal under RCFC 41(a)(2). Defendant argues that, because plaintiff, at the time of filing this Court of Federal Claims action, had a claim arising out of the same operative facts pending in the Southern Dis-

1. This order originally was not issued for publication and is so reissued now, after affirmance by the United States Court of Appeals for the Federal Circuit, No. 93–5124, filed February 24, 1995, with minor editorial changes not affecting the substance of the opinion.

trict of Iowa, this court lacks jurisdiction over plaintiff, pursuant to 28 U.S.C. § 1500 (1988).

## Background

The facts are taken from plaintiff's complaint.

The plaintiff, Dico, Inc. ("Dico"), brought this action to recover costs it incurred as the result of an administrative order issued by the United States Environmental Protection Agency ("EPA") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675 (1988).

In 1983, an area in Des Moines along the Raccoon River was listed on the national priorities list established under CERCLA. After conducting an investigation, the EPA concluded that soils and groundwater at the site were contaminated with trichloroethylene ("TCE"). Dico, which owns and operates a manufacturing plant in the area, was identified as one of the potentially responsible parties but, pursuant to an Administrative Order issued on July 21, 1986, was the only one directed to clean up contaminated groundwater beneath the property.

On July 8, 1988, plaintiff petitioned EPA under section 106(b)(2)(A) of CERCLA, 42 U.S.C. § 9606(b)(2)(A), for partial reimbursement of certain costs it had incurred in carrying out the ordered cleanup action. Specifically, plaintiff alleged that under CERCLA it was not liable for the cleanup ordered in one particular area, referred to as the "northern plume," where the contaminants were caused by someone other than Dico. Due to procedural defects, EPA denied plaintiff's petition for reimbursement.

On June 10, 1992, Dico initiated an action in the United States District Court for the Southern District of Iowa, naming the United States of America, among others, as defendants. An amended complaint was filed on July 1, 1992. In the amended district court complaint, Dico asked for reimbursement of $764,134.08 in CERCLA costs plus later "response" costs related to the northern plume,

plus interest and attorney's fees. In the alternative, Dico sought a declaration that defendants were obliged to reimburse it for future response costs and, to the extent reimbursement was not available under CERCLA, that it be provided under the Fifth Amendment.

On July 2, 1992, Dico filed suit against the United States of America in this court to recover money damages related to the northern plume, in the same amount, specifically, $764,134.08. Dico also has requested a declaration that the United States is obliged under the Fifth Amendment to reimburse it for future response costs related to the northern plume. In its Court of Federal Claims complaint, Dico concedes that "the statutory claims arising under CERCLA ... must be brought in federal district court" and that the district court case "raises claims under the Fifth Amendment to the Constitution," (but "seeks only declaratory relief with respect to such claims"). It concludes that jurisdiction in this court is proper because it "requests monetary relief on the constitutional claims in an amount that could not be granted by the district court" under 28 U.S.C. § 1346(a)(2), citing *Boston Five Cents Savings Bank v. United States,* 864 F.2d 137 (Fed.Cir.1988), and *Casman v. United States,* 135 Ct.Cl. 647 (1956).

## Discussion

### Section 1500

■ Defendant's motion to dismiss is based on 28 U.S.C. § 1500 (1988), which provides:

The United States Claims Court[2] shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

---

2. The name of this court was changed to United States Court of Federal Claims by Title IX of the

Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992).

Plaintiff admits that it had an action pending in the Iowa federal district court at the time it filed suit in this court. In addition, plaintiff agrees that the claims in both suits arise out of the same factual background.

Plaintiff argues that judicially created exceptions to § 1500 create a basis for jurisdiction when the causes of action in the two courts are different, relying on *Boston Five Cents Savings Bank*, 864 F.2d 137 (Claims Court had jurisdiction when monetary relief was sought here and declaratory judgment was sought in district court); *Webb & Associates, Inc. v. United States*, 19 Cl.Ct. 650 (1990) (Claims Court retained jurisdiction over eminent domain claim when pending counterclaim in federal district court would not necessarily result in award of full monetary relief), *Hossein v. United States*, 218 Ct.Cl. 727, 729 (1978) (Court of Claims stayed consideration of a count "for reasons of comity and avoidance of piecemeal litigation," until the district court ruled), and *Casman*, 135 Ct.Cl. at 650 (Court of Claims heard case presently pending in district court because relief sought in each court was "entirely different"). As plaintiff rightly points out, for decades these exceptions based on differences in the requested relief have sanctioned filings much like the one at issue here.

Unfortunately for plaintiff, however, this line of exceptions is no longer good law, having been expressly overruled in *UNR Indus., Inc. v. United States*, 962 F.2d 1013 (Fed.Cir.) (*en banc*), *cert. granted sub nom. Keene Corp. v. United States*, — U.S. —, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992).

In *UNR*, the Federal Circuit concluded: "[b]y the plain language of section 1500, if the same claim is pending in another court when the plaintiff files his complaint in the [Court of Federal Claims], there is no jurisdiction, period, even if the conflicting claim is no longer pending when a motion to dismiss is brought or considered by the court." 962 F.2d at 1021.

Emphasizing that "[a]ll jurisdictional rules are absolute," *UNR*, 962 F.2d at 1022, because "courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction," *id.* at 1025 (*quoting Ex parte Bollman*,

8 U.S. (4 Cranch) 75, 93, 2 L.Ed. 554 (1807)), the court explicitly overruled the cases that judicially created exceptions to § 1500 (many of which are relied upon by plaintiff here), specifically: *Boston Five Cents Savings Bank*, 864 F.2d 137; *Hossein*, 218 Ct.Cl. 727; *Brown v. United States*, 358 F.2d 1002, 1003, 175 Ct.Cl. 343 (1966); *Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943, 949, 170 Ct.Cl. 389 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); and *Casman*, 135 Ct.Cl. 647. *UNR*, 962 F.2d at 1022–23 & n. 3.

The court in *UNR* reaffirmed that "section 1500 applies to all claims on whatever theories that 'arise from the same operative facts.'" *Id.*, at 1023 (quoting *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1567 (Fed.Cir.1988), *cert. denied*, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989)).

Plaintiff's claim in this court, filed while its action in the district court was pending, arises from the same set of operative or underlying facts as the district court claim—EPA's liability for Dico's response costs for the northern plume. Because the district court claim is still pending, plaintiff's case here presents the very situation that § 1500 seeks to avoid, since it requires the United States to defend against the same claim in two courts at one time.

Plaintiff argues that Chief Judge Nies' additional views in *UNR* support its contention that *UNR* does not bar plaintiffs such as itself who "seek (1) relief obtainable only outside [this court], and (2) relief obtainable only within [this court]." Judge Nies suggested that the option of tolling the statute of limitations "should be available" to the Claims Court, and that the holding in *Ball v. United States*, 137 F.Supp. 740, 133 Ct.Cl. 841, *cert. denied*, 352 U.S. 827, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956)—that the pendency of a suit in district court could not toll the statute on the cause of action in the Court of Claims—"was seriously eroded." However, this additional view, while noteworthy, cannot be interpreted so as to void the holding of the majority in *UNR*, which clearly applies in this case, whereas the tolling question at issue in *Ball* is not presented, since the district court action is still pending and the statute is not alleged to have run here.

**4**

*Stay/Suspension pending decision in Keene*

■ Plaintiff requests that, in the interest of judicial economy, this court not dismiss its complaint until the United States Supreme Court decides *Keene (UNR)*. ˙

■ This court is bound by decisions of the Federal Circuit. The holding in *UNR* has not been overturned by the Supreme Court. Therefore, this court currently has no jurisdiction, and is bound to dismiss as soon as it is aware of the deficiency. *See Johns–Manville Corp. v. United States*, 893 F.2d 324, 326 (Fed.Cir.1989) (where the court has no jurisdiction, it has no power to do anything but strike the case from its docket).[3] *Cf. UNR*, 962 F.2d at 1021 (holding that this court acquires no jurisdiction over a claim that is the subject of a pending suit in a federal court and is divested of jurisdiction the minute such a claim is filed, "regardless of when the court memorializes the fact by order of dismissal").

■ Defendant's motion to dismiss is granted. The clerk shall dismiss the complaint without prejudice for lack of jurisdiction.[4]

---

3. Retaining jurisdiction merely to toll the statute of limitations would be tantamount to waiving or extending the statute of limitations. Absent any express and unequivocal statutory basis, this court may not, under long established principles, waive or extend a statutory limitation on the sovereign's immunity to suit. *Cf. Office of Personnel Management v. Richmond*, 496 U.S. 414, 432, 110 S.Ct. 2465, 2475–76, 110 L.Ed.2d 387 (1990); *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). *See also Kirby v. United States*, 201 Ct.Cl. 527, 539 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974) (statute of limitations is jurisdictional and must be strictly construed). This court may not waive jurisdictional requirements even when one party—or the court—may deem it to be "in the interest of justice" to do so. See *UNR*, 962 F.2d at 1024–25 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988)). Moreover, like the Federal Circuit, this court can "see no harm in requiring a party to carefully assess his claims before filing and choose the forum best suited to the merits of the claims and

the applicable statutes of limitations." *Id.* at 1021.

4. Dismissals for lack of jurisdiction under RCFC 12(b)(1) are not adjudications on the merits and cases thus dismissed may not be dismissed "with prejudice." *Scott Aviation v. United States*, 953 F.2d 1377, 1378 (Fed.Cir.1992) ("Without jurisdiction, the [court] cannot presume to dismiss the [case] with prejudice.") (citing *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed.Cir.1985)). However, principles of *res judicata* and/or law of the case would prevent the case from being heard in this court unless the jurisdictional defect were removed. Were the court to grant plaintiff's motion for a voluntary dismissal under RCFC 41(a)(2), on the other hand, plaintiff could, in principle, refile in this court without curing the jurisdictional defect, since "the action is treated as if it had never been filed." *Robinson v. Willow Glen Academy*, 895 F.2d 1168, 1169 (7th Cir.1990) (citations omitted) (interpreting Rule 41(a) of the Federal Rules of Civil Procedure).