**HARDWICK BROTHERS COMPANY II, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 93–5050.

United States Court of Appeals, Federal Circuit.

Dec. 26, 1995.

---

Michael J. Blake, Sandler, Balkin, Hellman & Weinstein, Kansas City, Missouri, argued for plaintiff-appellant. With him on the brief was Lawrence Lerner.

Margaret L. Baskette, Attorney, Commercial Litigation Branch, Department of Justice, of Washington, D.C., argued for defendant-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and E. Kathleen Shahan, Attorney.

Before MICHEL and PLAGER, Circuit Judges, and NIES, Senior Circuit Judge.[*]

PLAGER, Circuit Judge.

In this case we reaffirm established law governing the application of 28 U.S.C. § 1500 (Supp. V 1993) to filings in the Court of Federal Claims. Hardwick Brothers Company II (Hardwick) appeals the judgment of the Court of Federal Claims, 26 Cl.Ct. 884 (1992), dismissing an action filed by Hardwick under the Contract Disputes Act (CDA), 41 U.S.C. §§ 601–13 (1988). In 1988 Hardwick filed its complaint seeking compensation for certain sums denied as equitable adjustments to a contract between Hardwick and the Army Corps of Engineers (COE). After several years of litigation, including an eight-week trial, and when the trial court was ready to render judgment on the merits, it dismissed the action. The trial court found that Hardwick's later-filed tort claim against the COE in district court was the same "claim" for purposes of § 1500 and therefore, under this court's decision in UNR Industries, Inc. v. United States, 962 F.2d 1013 (Fed.Cir.1992) (in banc) (hereinafter UNR), the trial court was without jurisdiction over the contract claim.

At the time the trial court ruled it did not have the benefit of the Supreme Court's review of our UNR decision, Keene Corp. v. United States, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (hereinafter UNR/Keene), nor had this court rendered its opinion in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed.Cir.1994) (in banc) (hereinafter Loveladies I),[1] in which we clarified the scope of UNR. Consistent with the Supreme Court's guidance and our ruling in Loveladies I, we conclude that governing precedent establishes that Hardwick's later-filed district court action did not deprive the Court of Federal Claims of jurisdiction over Hardwick's contract claim. We therefore reverse the judgment and remand the matter to the Court of Federal Claims for further proceedings consistent with this opinion.

## BACKGROUND

Hardwick contracted in 1980 with the COE to build an earthen levee as part of a flood control project in Missouri. In 1986 Hardwick submitted to the Contracting Officer a certified claim under the CDA for equitable adjustments to the contract price, asserting changed conditions at the building site that resulted in increased construction costs. The COE denied the claim, and in December 1988 Hardwick sued in the Court of Federal Claims, under § 609 of the CDA. Hardwick's complaint in the Court of Federal Claims asserted that it was entitled to damages based on defective specifications, differing site conditions, rescission of a change proposal, contract reformation, failure to disclose superior knowledge, supervening frustration, and deficient engineering design.

The Court of Federal Claims conducted an eight-week trial of Hardwick's claims in the summer of 1990. Due to the trial judge's extended illness and related surgery, no opinion issued in the matter for over eighteen months. To avoid a time bar under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80 (1988), on tort claims involving spoliation of evidence, which Hardwick asserted it had discovered while preparing for the Court of Federal Claims trial, Hardwick filed an FTCA action on March 20, 1992, in

---

[*] Judge Nies assumed Senior status on November 1, 1995.

[1]. To distinguish the Loveladies in banc opinion on jurisdiction from the Loveladies merits decision, Loveladies Harbor, Inc. v. United States, 28 F.3d 1171 (Fed.Cir.1994), known as Loveladies II. See Id. at 1173 n. 4.

the United States District Court for the Western District of Missouri. Hardwick's district court complaint alleged that the COE provided erroneous information related to the topography of the construction site, and failed to preserve, produce, and disclose documents related to the erroneous topographic data.

On April 23, 1992, this court issued its decision in *UNR*, 962 F.2d 1013, which upheld the Court of Federal Claims' dismissal of claims by asbestos manufacturers for indemnification by the government for numerous personal injury suits. The manufacturers had filed essentially identical suits against the government in various district courts, and the district court suits were pending at the time the manufacturers filed in the Court of Federal Claims. Consequently, we held that the latter actions were properly dismissed under 28 U.S.C. § 1500, which provides in relevant part:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States....

In addition to deciding whether § 1500 properly applied to the facts presented in that case, the court in *UNR* evaluated whether § 1500 applied in numerous scenarios not before the court, including the scenario presented by this case: whether a later-filed district court action divests the Court of Federal Claims of jurisdiction under § 1500, when both actions involve the same "claims," as defined for the purposes of the statute. *UNR*, 962 F.2d at 1021–23. The court held that § 1500 did apply to "oust" jurisdiction from the Court of Federal Claims in such circumstances, reasoning that "Congress wanted not to dictate the order in which a claimant files suits in the Claims Court and another court on the same claim, but to discourage him from doing so altogether." *Id.* at 1022. Correspondingly, the court announced the overruling of *Tecon Engineers, Inc. v. United States*, 170 Ct.Cl. 389, 343 F.2d 943 (1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966), which had held that a later-filed district court action did

not oust the Court of Federal Claims of jurisdiction under § 1500. 962 F.2d at 1023.

Following the issuance of *UNR*, Hardwick voluntarily dismissed its district court action, less than six weeks after filing and before the Government had responded to the complaint. Shortly thereafter, the Government moved to dismiss Hardwick's Court of Federal Claims action under § 1500, asserting that Hardwick's district court action involved the same claims and therefore, under *UNR*, divested the Court of Federal Claims of jurisdiction. The Government further asserted that the later dismissal of Hardwick's district court action could not restore jurisdiction.

The Court of Federal Claims agreed, dismissing Hardwick's action without prejudice. The trial court found that there was "no material difference in the operative facts in the two actions," and that under *UNR*, which this court expressly made retroactive, dismissal was required. 26 Cl.Ct. at 886–88. The trial court rejected Hardwick's assertions that, in view of an express proviso contained in the CDA, Congress did not intend § 1500 to apply to claims under the CDA, and that dismissal was not appropriate because Hardwick could simply refile, as the six-year statute of limitations had not run at that time. The trial court denied Hardwick's Motion for Reconsideration, and denied as "moot" Hardwick's pending motions to file an Amended and Supplemental Complaint and to "reinstate and reinstitute" its claims in the dismissed action.

Hardwick appealed the dismissal to this court. While the appeal was pending, the Supreme Court issued its review of this court's decision in *UNR*. *UNR/Keene*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118. The Court affirmed *UNR*'s holding that "jurisdiction is established, if at all, at the time suit is filed," *UNR*, 962 F.2d at 1022, and not at some later time such as when a motion to dismiss is considered. *See UNR/Keene*, 508 U.S. at ——, 113 S.Ct. at 2041 ("[W]e read the statute as ... bar[ring] jurisdiction over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim."). The Court, however, found it "unnecessary to consider, much less repudiate,

886

the 'judicially created exceptions' to § 1500 found in *Tecon Engineers, Casman* [*v. U.S.,* 135 Ct.Cl. 647] [(1956)] and *Boston Five* [*Cents Savings Bank, FSB v. U.S.,* 864 F.2d 137 [(Fed.Cir.1988)]]" the latter two cases dealing with actions seeking different relief. *UNR/Keene,* 508 U.S. at ——, 113 S.Ct. at 2044.

In this court, Hardwick's appeal was stayed pending the issuance of our decision in *Loveladies I,* 27 F.3d 1545. In *Loveladies I* we stated that "[a]s the Supreme Court has reminded us, anything we said in *UNR* regarding the legal import of cases whose factual bases were not properly before us was mere *dictum,* and therefore we will not accord it *stare decisis* effect." *Id.* at 1549. We specifically noted that *Tecon Engineers* and the fact pattern reflected there was not before the court in *UNR. Id.* at 1549 n. 10.

Following issuance of *Loveladies I,* the stay of appeal in this matter was lifted. The parties filed additional submissions addressing the effect of *UNR/Keene* and *Loveladies I* on the issue of later-filed district court actions, and Hardwick continued to press several other challenges to the trial court's decision.

## DISCUSSION

On appeal, Hardwick raises many objections to the trial court's dismissal of its Court of Federal Claims complaint under § 1500. We need address only one: Hardwick's assertion that under § 1500 a later-filed district court action does not divest the Court of Federal Claims of jurisdiction that was earlier properly established. The trial court rejected this argument on the grounds that this court's decision in *UNR* required it to do so. As noted, in so ruling the trial court did not have before it the subsequent treatment of this issue in *UNR/Keene* and *Loveladies I.* In *UNR/Keene,* the Supreme Court expressly declined to overturn *Tecon Engineers,* and this court in *Loveladies I* acknowledged the continuing vitality of *Tecon* as an established precedent.

In *Tecon Engineers,* plaintiffs had filed their complaints for tax refunds in the Court of Claims. After extended discovery and other proceedings over the course of almost two years, the cases were consolidated and set for trial. Shortly before trial was to begin, plaintiffs filed in the District Court in Kentucky complaints upon the same claims. Simultaneously they moved to dismiss the pending case in the Court of Claims on the grounds that § 1500 now barred jurisdiction in that court.

The Court of Claims reviewed in detail the history of § 1500 since its enactment in 1868. It examined the language of § 1500, as first enacted and as then (and now) appearing. The court concluded that the Government's argument, that the Court of Claims can keep jurisdiction if suit was filed there first (which it may be noted is the opposite of the Government's current argument), was correct. After *UNR/Keene* and *Loveladies I, Tecon Engineers* remains good law and binding on this court. *Loveladies I,* 27 F.3d at 1548–49 & n. 10; *Dico v. United States,* 48 F.3d 1199, 1201 n. 4 (Fed.Cir.1995).

Finally, we reject the Government's argument that *Tecon Engineers* must be limited to the "unusual" facts of that case. Nothing in *Tecon, UNR/Keene,* or our recent cases citing *Tecon* supports such a limitation. In the case before us, after long incubation and lengthy trial, the trial court indicated that its decision on the merits of Hardwick's claim was ready to issue, when this court's decision in *UNR* prompted dismissal of the claim. Judicial economy, as well as the established law of this circuit, mandate that we remand for entry of judgment in accordance with the trial court's decision on the merits.

## CONCLUSION

The judgment of the Court of Federal Claims is *reversed,* and the matter *remanded* for further proceedings consistent with this opinion.

## COSTS

Appellee to bear costs.

***REVERSED AND REMANDED.***