PROST, Circuit Judge,
concurring.
I concur in the judgment of the court, but do so only because we are bound to follow the order-of-filing rule established by Tecon Engineers, Inc., v. United States, 343 F.2d 943 (Ct.Cl.1966). The plaintiffs filed their case in the Court of Federal Claims one day prior to filing an appeal with the Tenth Circuit of a related district court judgment. The plain language of § 1500 divests the Court of Federal Claims of jurisdiction over a case when another suit — like the plaintiffs’ appeal — is pending “in any other court.”
However, as the majority notes, the order-of-filing rule created in Tecon restricts the applicability of § 1500 to the time a case is filed in the Court of Federal Claims. Majority Op. at 1379 n. 7. Because the plaintiffs’ appeal became pending at the Tenth Circuit after their case was filed with the Court of Federal Claims, the order-of-filing rule requires us to hold that the Court of Federal Claims was never divested of jurisdiction over the plaintiffs’ case. The result also would have been the same if the plaintiffs had filed a second district court action instead. See Tohono O’Odham Nation v. United States, 559 F.3d 1284, 1291 (Fed.Cir.2009) (explaining that, because of the order-of- *921 filing rule, § 1500 “merely requires that the plaintiff file its action in the Court of Federal Claims before it files its district court complaint”), rev’d on other grounds and remanded, — U.S. -, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011).
The order-of-filing rule thus creates a virtual amnesty period under § 1500 for cases in the Court of Federal Claims filed before a related appeal or district court action. But the existence of that amnesty period is contrary to the plain purpose and language of § 1500. The Supreme Court has held that Congress’s “clear” purpose for § 1500 was “to save the Government from burdens of redundant litigation.” United States v. Tohono O’Odham Nation, - U.S. -, 131 S.Ct. 1723, 1730, 179 L.Ed.2d 723 (2011). Because of the order-of-filing rule, complainants can easily subvert that purpose and avoid the jurisdictional restrictions in § 1500 by simply, filing first in the Court of Federal Claims and then in another court. By merely delaying filing of a second related suit by only a day — as the plaintiffs did here— complainants can force the government to defend itself in the Court of Federal Claims and another court in redundant co-pending suits. See also Kaw Nation of Okla. v. United States, 103 Fed.Cl. 613, 615 (Fed.Cl.2012) (delaying filing of second related suit by mere hours avoided § 1500). That is clearly not how Congress envisioned § 1500 would restrict access to the Court of Federal Claims.
We have even overruled Tecon on those grounds while sitting en banc. UNR Indus., Inc. v. United States, 962 F.2d 1013, 1022-23 (Fed.Cir.1992) (en banc), aff'd sub. nom., Keene, 508 U.S. at 216, 113 S.Ct. 2035;[1] but see Hardwick Bros. Co. II v. United States, 72 F.3d 883, 886 (Fed.Cir.1995) (holding that Tecon survived UNR because of Keene). Although the Supreme Court found the relevant portion of that decision to be beyond the merits of the appeal, the logical force of our reasoning to dispense with the order-of-filing rule remains.
Section 1500 states that the “[Court of Federal Claims] shall not have jurisdiction of any claim ... in respect to which the plaintiff ... has pending in any other court any suit or process.” A case filed subsequent to a [Court of Federal Claims] complaint is clearly a “pending ... suit or process.” Thus, by the command that the [Court of Federal Claims] “shall not have jurisdiction,” upon the occurrence of the triggering event, the filing of suit in another court, the [Court of Federal Claims] is automatically divested of jurisdiction. Congress wanted not to dictate the order in which a claimant files suits in the [Court of Federal Claims] and another court on the same claim, but to discourage him from doing so altogether. Otherwise the purpose of saving the government from defending the same claim in two courts at the same time would be defeated.
UNR, 962 F.2d at 1022-23.
In light of recent Supreme Court guidance on § 1500, we should revisit Tecon once again and dispose of the order-of-filing rule. The Supreme Court admonished us in Tohono for narrowing the scope of § 1500 and feeling “bound by Circuit precedent that left [§ 1500] with *922 out meaningful force.” Tohono, 131 S.Ct. at 1729-30. The Court expressly stated that we were “wrong to allow [our] precedent to suppress [§ 1500]’s aims” because we “should not render statutes nugatory through construction.” Id. Continuing to apply the order-of-filing rule does just that.
It cannot be reasonably questioned that cabining the jurisdictionally restrictive reach of § 1500 to only the time of filing a complaint with the Court of Federal Claims and never thereafter defeats Congress’s unequivocally clear purpose for the statute. The plain language of § 1500 removes jurisdiction from the Court of Federal Claims over “any claim” that a plaintiff also has “pending in any other court.” 28 U.S.C. § 1500. There is no language in the statute that restricts its application to the time a case is filed in the Court of Federal Claims; the statute’s applicability persists throughout a suit. Any doubts to the contrary should fall to Congress’s clear intent — especially because § 1500 effects a restriction on Congress’s waiver of sovereign immunity. See, e.g., Smith v. United States, 507 U.S. 197, 201-03, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993); Ardestani v. INS, 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991).
The Supreme Court warned us against relying on our precedent to transform § 1500 into a hollow jurisdictional restriction “without meaningful force.” See Tohono, 131 S.Ct. at 1729-30. Our continued acquiescence to the order-of-filing rule established in Teem does just that. As argued by the government, the propriety of the order-of-filing rule is directly raised in this appeal because the parties agree that the plaintiffs’ Tenth Circuit appeal was pending under § 1500 at the time the Court of Federal Claims dismissed this case under the statute for lack of jurisdiction. We should take this opportunity to overrule Tecon and finally dispense with the ill-conceived order-of-filing rule.